In the Matter of BRIDGET COLLINS, Appellant, *v.* THE VILLAGE OF SARATOGA SPRINGS, Appellant; THE BOARD OF STREET COMMISSIONERS of Saratoga Springs, Respondent.

*Saratoga Springs — village attorney — stipulation by, as to the ascertainment of damages caused by a change in the grade of a street — board of street commissioners.*

When the charter of an incorporated village confers upon the village in its corporate name the power "of suing and being sued, pleading and being impleaded, answering and being answered unto, defending and being defended, in all courts and places whatever," and the village board of trustees is empowered by the general provision of chapter 291 of the Laws of 1870 (title 3, § 3, subd. 5) "to employ an attorney or attorneys, for the transaction of any matter requiring legal skill," the authority vested in the board of trustees to employ attorneys for the village is, in the absence of any provision to the contrary in the charter, exclusive, and no other village board or official has power to employ attorneys in behalf of the village, and no attorney has the right to represent the village or any board or officer thereof except the attorney designated by the board of trustees.

A stipulation made, without fraud or collusion, by an attorney for the village, appointed by the board of trustees under such authority, with the attorney for the petitioner in a proceeding brought against the village under chapter 113 of

the Laws of 1883, as amended by chapter 281 of the Laws of 1884, for the appointment of commissioners to appraise the damages to be paid by the village, caused by a change of grade of a street affecting the petitioner's property, will empower the court to make an order appointing such commissioners before the day mentioned in the notice of motion, without notice of such proposed action to the board of street commissioners of the village or to an attorney employed by that board, although the powers of commissioners of highways are vested, by the village charter, in the board of street commissioners and the petition for the appointment of commissioners of appraisal and the notice of motion thereon has been served upon such board of street commissioners as being the "person or persons having complete authority to make such change" in the grade of the street.

APPEALS by the petitioner, Bridget Collins, and by the village of Saratoga Springs, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of Saratoga county on the 8th day of March, 1893, vacating and setting aside an order theretofore made at Special Term appointing commissioners to appraise the damages to the petitioner's real property, caused by the change and alteration of the grade of Beekman street in the village of Saratoga Springs.

*Henning & McCall*, for the petitioner, appellant.

*J. F. Swanick* and *J. T. Brusnihan*, for the village, appellant.

*Edgar T. Brackett*, for board of street commissioners of Saratoga Springs, respondent.

HERRICK, J.:

In 1888 the board of trustees of the village of Saratoga Springs caused the grade of one of the public highways of such village to be changed.

The petitioner was the owner of certain premises on such street or highway, which premises, she alleges, were damaged by such change of grade. About the 1st of January, 1893, she presented her claim for damages to the board of trustees of said village, who refused or neglected to pay the same. She thereafter and in February, 1893, moved under chapter 113 of the Laws of 1883, as amended by chapter 281 of the Laws of 1884, for the appointment of commissioners to appraise the damages to her property caused by such change of grade; notice of the motion, and her petition, was

served upon the board of trustees and the board of street commissioners of the defendant.

The village of Saratoga Springs appeared by its attorney, and served notice of appearance and retainer upon the attorneys for the petitioner. It was subsequently stipulated between the attorneys for the petitioner and the attorneys who appeared for the village of Saratoga Springs, that the order prayed for in the petition of the petitioner be made, and the commissioners were agreed upon in and by such stipulation, and upon the coming in of such attorneys, and the presenting of such stipulation to the Special Term, an order was made appointing commissioners to appraise the damages claimed.

Subsequently the board of street commissioners, by an attorney of this court employed by them, moved at a Special Term of this court to vacate and set aside the order appointing such commissioners, upon the ground that it was done without the consent of the board of street commissioners, and further claiming that the board of trus-' tees of the village of Saratoga Springs had no authority to employ counsel who could stipulate in such proceedings without the said board of street commissioners being represented and having a right to be heard thereon; the motion was granted, the order appointing commissioners was vacated, with costs of the motion.

The village of Saratoga Springs was incorporated by chapter 220 of the Laws of 1866, and by such act of incorporation the board of trustees was vested with the powers and duties of commissioners of highways. By chapter 470 of the Laws of 1890, chapter 220 of the Laws of 1866 was amended so as to provide for the appointment of a board of street commissioners, and by such act all the powers and duties in relation to the public streets and highways of said village theretofore vested in the board of trustees was vested in the board of street commissioners. As we have said, these proceedings are taken under chapter 113 of the Laws of 1883, as amended by chapter 281 of the Laws of 1884, which law provides that due notice of the application for the appointment of commissioners shall be given to the person or persons having complete authority to make such change or alteration, and it further provides that the damages awarded shall be a village charge. Although the change of grade

was made in 1888, before the passage of the law providing for the appointment of the board of street commissioners, yet for the purpose of this case I assume that their contention is right, and that they are the persons who, under the statute, are to be notified of the application in question; but it does not follow therefrom that it is either their duty or their privilege to employ counsel in such proceedings, nor is it necessary that they should consent to an entry of the order appointing commissioners.

The board of street commissioners is not the corporation of itself; it is only one of the branches or arms of the municipality of the village of Saratoga Springs; it is not the whole village government, and except in those particulars in which the statute has clothed such board with specific powers, it is subordinate to the board of trustees of such village; it has no power or authority, except that which has been specifically granted to it, and that which is necessary to enable it to discharge the duties and exercise the privileges specifically imposed upon and granted to them. They are not specifically authorized to employ counsel, and it is not necessary in the discharge of their duties that they should employ counsel; the employment of counsel is otherwise provided for.

The municipality of the village of Saratoga Springs embraces its president, board of trustees, board of street commissioners, and all other boards and village officers, and they must all be considered together as forming a complete whole. These proceedings are taken against the village of Saratoga Springs, not against the board of street commissioners, and the damages to be awarded are to be paid by the village of Saratoga Springs, not by the board of street commissioners thereof.

The fact that notice was directed to be given to such board, no more authorized it to employ counsel and appear in court, than the fact that in many cases notice of claims for damages, or upon contracts, are required to be presented to the city or village clerk, or street superintendent, authorizes such officers to employ counsel and appear in court and defend.

By chapter 220 of the Laws of 1866, such village is created a body corporate under the name of the village of Saratoga Springs, and in and by that name is given the power " of suing and being sued, pleading and being impleaded, answering and being answered

unto, defending and being defended, in all courts and places whatsoever."

These words, it seems to me, embrace all judicial proceedings that can be taken by or against the village as a corporation. By chapter 308 of the Laws of 1884, the trustees and officers of the villages of this State, created by special charters, are given the same powers as are prescribed in any general act for the incorporation of villages within this State, except as such special charter may be in conflict with the provision or provisions of such general acts.

By chapter 291 of the Laws of 1870, title 3, section 3, subdivision 5, boards of trustees are authorized and empowered " To employ an attorney or attorneys for the transaction of any matter requiring legal skill."

Under this law, therefore, the trustees of the village of Saratoga Springs had power and authority to employ an attorney in these proceedings, there being nothing in conflict with the last-quoted statute in the special act by which the village was chartered.

It seems to me that the authority vested in the board of trustees to employ attorneys is exclusive, and that no other board or official has the power to employ attorneys in behalf of the village, and that no attorney has the right to represent the village, or any board or officer thereof, except the attorney designated by the board of trustees.

It is an admitted fact that the board of trustees of the village has employed attorneys to act for it in all legal matters, and that they appeared for the village of Saratoga Springs in these proceedings, and that by a written stipulation, and by afterwards appearing in open court, they consented to the appointment of commissioners in these proceedings.

It seems to me that there can be no question but that the attorneys appointed by and appearing for a municipal corporation stand in the same position as attorneys employed by and appearing for private persons, and that courts have the right to rely upon stipulations and consents made by them in the course of judicial proceedings, the same as upon those made by attorneys appearing for private persons, and that they have the same power and authority to bind the clients for whom they appear, and that in the absence of fraud or collusion, orders entered or proceedings taken, in reliance upon such appearance and stipulation or consent, will not be set aside.

No charge of fraud or collusion is made in this case; neither is there any claim that the persons appointed commissioners are unfit or improper persons. Neither is it contended that the petitioner is not entitled to have commissioners appointed to appraise her damages.

The court below seems to have fallen into an error in regard to the service of the notice of the proceedings, and to have held that no notice of the proceedings was given to the board of street commissioners. In the moving affidavit for the vacation of the order it is expressly stated that the petition and notice of motion for the appointment of commissioners to appraise the damages was served upon the board of street commissioners.

Hence there is no jurisdictional defect for want of the proper notice, as held by the court at Special Term, although it seems to me that the neglect to serve upon the proper parties, if there had been such a neglect, is a defect or irregularity that could have been waived by the attorneys appearing for the village. The complaint made in the moving affidavit is that before the day mentioned in the notice of motion, the attorneys for the petitioner and the village attorneys, by mutual consent went into court and consented to the entry of the order, and that no notice of such proposed action was given to the board of street commissioners or the attorney employed by them. None was necessary; the petitioner had given the notice required by statute; the proceedings were against the village; the village appeared by its regularly designated attorneys, and they did what is very common for attorneys to do, agreed, for mutual convenience presumably, to go into court and dispose of the matter on a different day from that mentioned in the notice of motion.

No doubt members of municipal boards, or any other municipal officers, have the right to employ counsel at their own expense to look after legal proceedings and see that the legally appointed attorneys for the municipality do their duty, but the counsel so employed does not represent the municipality, and is not as a matter of law entitled to notice of proceedings in the court, and in the absence of any charge of neglect of duty on the part of the regularly constituted attorney, full faith and credit will be given to his action by the court.

It follows from this that the order appointing commissioners was properly and regularly granted, and that the order vacating and setting the same aside should be reversed.

Let an order, therefore, be entered, reversing the order appealed from, with ten dollars costs of motion, and ten dollars costs of this appeal and printing and other disbursements, against the board of street commissioners personally.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order reversing the order appealed from, with ten dollars costs of motion, and ten dollars costs of this appeal and printing and other disbursements against the board of street commissioners personally.