## FISHER v. CITY OF MECHANICVILLE.

(Supreme Court, Trial Term, Saratoga County. November 18, 1915.)

1. MUNICIPAL CORPORATIONS ⊚➾149—VILLAGE SUPERSEDED BY CITY—VILLAGE OFFICERS—DISCHARGE.

Where a village is incorporated by act of the Legislature into a city, such incorporation works as a discharge of the village officers.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 327–332; Dec. Dig. ⊚➾149.]

2. MUNICIPAL CORPORATIONS ⊚➾217—VILLAGE SUPERSEDED BY CITY—VILLAGE ATTORNEY—DISCHARGE.

Plaintiff was employed by the village of Mechanicville as attorney at an annual salary. The village charter nowhere declared that the village attorney was an officer, or that he should take an oath of office, and there was no statute defining the duties of the village attorney, or delegating to him express or specified power; the power to institute, defend, and compromise suits and conduct litigation remaining in the board of village trustees, so that plaintiff possessed no greater powers than under employment by an individual or a private corporation. During his term of employment the village was incorporated by legislative act (Laws 1915, c. 170) into the city of Mechanicville. Held, that such incorporation into a city did not effect plaintiff's discharge, since he was not a village officer, but simply occupied a public employment.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 576, 577, 579, 580; Dec. Dig. ⊚➾217.]

3. MUNICIPAL CORPORATIONS ⊚➾60—POWERS—WHERE RESIDENT.

All corporate powers conferred upon a municipality exist in the governing body thereof, except where expressly delegated to some other officer or board.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 150, 151; Dec. Dig. ⊚➾60.]

4. MUNICIPAL CORPORATIONS ⊚➾126—VILLAGE—SALARIED ATTORNEY—CREATING OFFICE—POWER.

In the absence of statutory authority or charter provision, the board of trustees of a village has no power to create the office of village attorney, since such power resides only in the Legislature.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 298–300; Dec. Dig. ⊚➾126.]

5. MUNICIPAL CORPORATIONS ⊚➾220—VILLAGE—SALARIED ATTORNEY—SUPERSEDING CITY—LIABILITY.

Where plaintiff was legally employed by the village of Mechanicville as a salaried attorney for the village, and during his employment, the Legislature incorporated the village into the city of Mechanicville, plaintiff's contract survived the dissolution of the village government, and such city was liable to plaintiff under his contract with the village, since the act creating the city worked simply a change in the body politic, leaving unaltered the corporation from which plaintiff's salary came.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. ⊚➾220.]

Action by Robert W. Fisher against the City of Mechanicville. Judgment for plaintiff.

Robert W. Fisher, in pro. per.
Edward C. McGinity, of Mechanicville, for defendant.

⊚➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SALISBURY, J.   This action is brought to recover the sum of $562.50, alleged to be due on a contract of general retainer.   The plaintiff is an attorney, and lives in the city of Mechanicville, N. Y.   The defendant is a municipal corporation, and is situate in Saratoga county.   Previous to the 29th day of June, 1915, the present city of Mechanicville was a duly incorporated village, under the corporate name of the village of Mechanicville.

The plaintiff herein claims that on the 16th day of March, 1915, the board of trustees, the governing body, of the village of Mechanicville, retained the plaintiff to perform legal services for said corporation at an annual salary of $750; that on that day the plaintiff entered upon the performance of his duties as attorney for the village of Mechanicville, and continued in the performance of such duties until the 23d day of July, 1915, when, as he claims, he was wrongfully discharged; and that the defendant refused to permit plaintiff to complete his services.

It appears that in pursuance of chapter 170 of the Laws of 1915, the city of Mechanicville came into existence as the successor corporation of the village of Mechanicville, and it is claimed that by reason of that act the defendant, the city of Mechanicville, was under no contractual obligation to continue the services of the plaintiff as an attorney, and that the city of Mechanicville did in fact, under its charter, appoint another person as attorney for that city.

The case was tried before the court and a jury.   There was submitted to the jury for their consideration but one question:

"With the resolution appointing Mr. Fisher to the position of village attorney was there a limitation as to the time during which he should hold such position, and did Mr. Fisher have knowledge of any such limitation at the time he accepted the appointment?"

The jury answered said question in the negative.

[1] It is the contention of the defendant herein that the act of the Legislature, in incorporating Mechanicville as a city, worked as a discharge of the plaintiff.   This undoubtedly would be the case, if the plaintiff was an officer of the village.   Is the plaintiff an officer of the village, or is he occupying what is known as a public employment? In U. S. v. Maurice, 2 Brock. 96, Fed. Cas. No. 15,747, the court says:

"Although an office is 'an employment,' it does not follow that every employment is an office.   A man may certainly be employed under a contract, express or implied,  *  *  *  without becoming an officer."

[2-4] Section 1 of title 2 of the charter of the village of Mechanicville provides who are the officers of the corporation.   Nowhere does the charter expressly state that the village attorney is an officer of the village.   Nowhere is there an express provision that the village attorney shall take an oath of office.   It is, at least, an important element in determining the question as to whether the plaintiff is an officer, as to whether he is required to take the oath of office.   Collins v. Mayor, 3 Hun, 680.

Another and equally as important a test, is as to whether his duties require of him the performance of governmental functions.   No stat-

ute, general or special, defines the duties of such village attorney, nor does it delegate to him any express or specified powers. He can, therefore, exercise such powers as are delegated to him by the board of village trustees, and can perform only such acts as are authorized by it. He has and can exercise no function or duty, inherent, authoritative, or discretionary. The power to institute, defend, and compromise suits, and perform other kindred acts, rests with the village board, and the conduct of the same is subject to its direction and control. All corporate powers conferred upon a municipality exist in the governing body thereof, except such as are expressly delegated to some other officer or board. Moore v. Mayor, 73 N. Y. 238, 29 Am. Rep. 134.

The plaintiff was not invested with any of the sovereign functions of government. I have been unable to find, in the charter or in any general or special law, authority given to him to perform any governmental act. I am convinced that as such attorney he possessed no greater powers than had his retainer come from an individual or private corporation. In Collins v. Saratoga Springs, 70 Hun, 583, 24 N. Y. Supp. 234, the court said:

"It seems to me that there can be no question but that the attorneys appointed by and appearing for a municipal corporation stand in the same position as attorneys employed by and appearing for private persons."

It is true that the resolution by which the plaintiff was appointed refers to him as an officer of the village; but the board of trustees had no power to create such office. That power is in the Legislature of the state of New York. The retainer came from the corporation itself. Collins v. Village of Saratoga Springs, 70 Hun, 583, 24 N. Y. Supp. 234.

[5] The plaintiff represented the body corporate. The Legislature, by the act creating the city of Mechanicville, worked a change in the body politic, but left unaltered the corporation from which his retainer came. Section 89 of the Village Law (Consol. Laws, c. 64) provides that:

"The board of trustees of a village * * * may employ an attorney and pay him a reasonable compensation."

In the Village of Kenmore, 59 Misc. Rep. 388, 110 N. Y. Supp. 1008, the court used this language:

"No doubt a competent attorney could be employed by the village at a moderate annual salary to render all necessary legal services that he might be called upon to render during the year. * * * If the services of an attorney are regularly required, prudence and sound judgment would dictate the employment of such attorney at a moderate annual salary. * * *"

The Legislature had given power to the trustees of the village of Mechanicville:

"6. To appoint annually an attorney and pay such attorney a reasonable annual salary."

The board of trustees did select the plaintiff herein to act as an attorney for them at an annual salary, and such selection, upon its acceptance by the plaintiff, became and was a contract. The plain-

tiff's contract survived the dissolution of the village government, and the city government has refused to recognize his contract. The measure of damage in his case is the amount of the contract price unpaid, with interest from the date of the breach. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285.

It is conceded upon the trial that the city of Mechanicville was a proper party.

Plaintiff is entitled to recover the sum of $562.50, with interest from the 23d day of July, 1915, together with his taxable costs and disbursements.