ROBERT W. FISHER, Plaintiff, *v.* THE CITY OF MECHANICVILLE, Defendant.

(County Court, Saratoga County, February, 1916.)

Attorneys — officer of village — annual salary — villages — corporations — contracts.

> An attorney at law retained by an incorporated village at an annual salary is not an officer of the village.

> Where several months after plaintiff's appointment as attorney for an incorporated village at an annual salary the city, which pursuant to legislative enactment came into existence as the successor corporation of the village, refuses to permit him to complete his services, he is entitled to recover from it the unpaid balance of his salary due upon the contract of his general retainer.

ACTION to recover upon a contract.

Robert W. Fisher, for plaintiff.

Edward C. McGinity, for defendant.

SALISBURY, J.   This action is brought to recover the sum of $562.50 alleged to be due on a contract of general retainer.

The plaintiff is an attorney, and lives in the city of Mechanicville, N. Y.

The defendant is a municipal corporation, and is situate in Saratoga county.

That previous to the 29th day of June, 1915, the present city of Mechanicville was a duly incorporated village, under the corporate name of the village of Mechanicville.

The plaintiff herein claims that on the 16th day of March, 1915, the board of trustees, the governing body of the village of Mechanicville, retained the plaintiff to perform legal services for said corporation, at an annual salary of $750. That on that day the plaintiff entered upon the performance of his duties, as attorney for the village of Mechanicville, and continued in the performance of such duties until the 23d day of July, 1915, when, as he claims, he was wrongfully discharged, and that the defendant refused to permit plaintiff to complete his services.

It appears that, in pursuance of chapter 170 of the Laws of 1915, the city of Mechanicville came into existence as the successor corporation of the village of Mechanicville, and it is claimed that by reason of that act the defendant, the city of Mechanicville, was under no contractual obligation to continue the services of the plaintiff, as an attorney, and that the city of Mechanicville did, in fact, under its charter, appoint another person as attorney for that city.

The case was tried before the court and a jury. There was submitted to the jury for their consideration but one question, " with the resolution appointing Mr. Fisher to the position of village attorney, was there a limitation as to the time during which he should hold such position, and did Mr. Fisher have knowledge of any such limitation at the time he accepted the ap-

pointment?'' The jury answered said question in the negative.

It is the contention of the defendant herein that the act of the legislature in incorporating Mechanicville as a city worked as a discharge of the plaintiff. This, undoubtedly, would be the case, if the plaintiff was an officer of the village.

Is the plaintiff an officer of the village, or is he occupying what is known as a public employment?

In *United States* v. *Morris*, 2 Brock. (U. S.) 96, the court says: ''Although an office is an employment, it does not follow that every employment is an office. A man may certainly be employed under a contract, express or implied, without becoming an officer.''

Section 1 of title 2 of the charter of the village of Mechanicville provides who are the officers of the corporation. Nowhere does the charter expressly state that the village attorney is an officer of the village. Nowhere is there an express provision that the village attorney shall take an oath of office.

It is, at least, an important element in determining the question as to whether the plaintiff is an officer, as to whether he is required to take the oath of office. *Collins* v. *Mayor*, 3 Hun, 680.

Another and as equally important a test is, as to whether his duties require of him the performance of governmental functions. No statute, general or special, defines the duties of such village attorney, nor does it delegate to him any express or specified powers. He can, therefore, exercise such powers as are delegated to him by the board of village trustees, and can perform only such acts as are authorized by it. He has and can exercise no function or duty, inherent, authoritative or discretionary. The power to institute, defend and to compromise suits, and perform other kindred acts, rests with the village board, and the conduct of the

same is subject to its direction and control. All corporate powers conferred upon a municipality exist in the governing body thereof, except such as are expressly delegated to some other officer or board. *Moore* v. *Mayor,* 73 N. Y. 238.

The plaintiff was not invested with any of the sovereign functions of government.

I have been unable to find in the charter, or in any general or special law, authority given to him to perform any governmental act.

I am convinced that as such attorney he possessed no greater powers than had his retainer come from an individual or private corporation.

In *Collins* v. *Village of Saratoga Springs,* 70 Hun, 583, the court said: "It seems to me that there can be no question but that the attorneys appointed by and appearing for a municipal corporation stand in the same position as attorneys employed by and appearing for private persons."

It is true that the resolution by which the plaintiff was appointed refers to him as an officer of the village, but the board of trustees had no power to create such office. That power is in the legislature of the state of New York.

The retainer came from the corporation itself. *Collins* v. *Village of Saratoga Springs,* 70 Hun, 583.

The plaintiff represented the body corporate. The legislature, by the act creating the city of Mechanicville, worked a change in the body politic, but left unaltered the corporation from which his retainer came.

Section 89 of the Village Law provides that "The board of trustees of a village  *  *  *  may employ an attorney and pay him a reasonable compensation."

In *Matter of Village of Kenmore,* 59 Misc. Rep. 388, the court used this language: "No doubt a competent attorney could be employed by the village at a moderate

annual salary to render all necessary legal services that he might be called upon to render during the year. * * * If the services of an attorney are regularly required, prudence and sound judgment would dictate the employment of such attorney at a moderate annual salary.''

The legislature had given power to the trustees of the village of Mechanicville '' 6. To appoint annually an attorney and pay such attorney a reasonable annual salary.''

The board of trustees did select the plaintiff herein to act as an attorney for them at an annual salary and such selection, upon its acceptance by the plaintiff, became and was a contract.

The plaintiff's contract survived the dissolution of the village government, and the city government has refused to recognize his contract.

The measure of damage in his case is the amount of the contract price unpaid, with interest from the date of the breach. *Howard* v. *Daly,* 61 N. Y. 362.

It is conceded upon the trial that the city of Mechanicville was a proper party.

Plaintiff is entitled to recover the sum of $562.50, with interest from the 23d day of July, 1915, together with his taxable costs and disbursements.

Judgment for plaintiff.