·(166 App. Div. 593)

FAMOBROSIS SOCIETY v. ROYAL BENEFIT SOCIETY et al.   (No. 6864.)

(Supreme Court, Appellate Division, First Department.   March 12, 1915.)

**1. JUDGMENT ☞17—PROCESS TO SUPPORT—ILLINOIS STATUTE.**

Where plaintiff fraternal insurance association had neither property nor office in Illinois, and was not authorized to transact business there, and where three individuals, who were agents for defendant fraternal insurance association, whose only relation to plaintiff was that of trustee, had been served in Illinois with process in an action in the courts of that state in which both plaintiff and defendant had been joined as defendants, there was no sufficient service on plaintiff, under Hurd's Rev. St. Ill. 1913, c. 110, § 8, providing for service of process on corporations, to render the judgment valid and binding on the plaintiff, so that the defendant could plead it in bar of a suit here on the same issue.          •

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. ☞17.]

**2. JUDGMENT ☞17—NOTICE OF SUIT TO SUSTAIN—APPEARANCE BY ATTORNEY.**

Where the appearance of an attorney for plaintiff and defendant in an action in the Illinois court against them jointly was not shown to have been authorized by plaintiff, jurisdiction of the plaintiff was not thereby given the court, to render its judgment conclusive on the plaintiff in suit against defendant in another state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. ☞17.]

**3. JUDGMENT ☞818—NOTICE TO SUSTAIN UNAUTHORIZED APPEARANCE BY ATTORNEY—COLLATERAL ATTACK.**

The rule that the authority of an attorney to represent a party to a suit cannot be collaterally attacked in attempting 'to invalidate a judgment has no·application, where the judgment was recovered in the courts of another state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1453–1481; Dec. Dig. ☞818.]

Appeal from Special Term, New York County.

Action by the Famobrosis Society against the Royal Benefit Society and others.   Judgment for plaintiff, and defendants appeal.   Modified and affirmed.

See, also, 150 N. Y. Supp. 1085; 159 App. Div. 902, 143 N. Y. Supp. 1116.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William H. Ford, of New York City, for appellants.

W. H. Van Steenbergh, of New York City, for respondent.

McLAUGHLIN, J.   The Famobrosis Society and Royal Benefit Society are fraternal insurance associations incorporated under the laws of the District of Columbia.   Prior to December 31, 1909, the Famobrosis Society had accumulated a reserve fund of upwards of $30,000, which was deposited with certain banks and trust companies in the city of New York, which, with the Royal Benefit Society, are made parties defendant in this action.   On that day the two associations entered into a written agreement, by the terms of which the Royal Benefit Society undertook, as trustee, the management of the affairs of the

Famobrosis Society, agreeing to perform its obligations, to establish and promote a separate department under the name of "Famobrosis Division of the Royal Benefit Society," and to keep the accounts of that department separate and distinct from its other accounts.   The agreement also provided that no change should be made in the reserve fund which the Famobrosis Society had accumulated; the same being designated as a trust fund for the purpose for which it was created. The bank books and securities representing this fund were, however, to be delivered in escrow to one McElvain, treasurer of the Royal Benefit Society.   The present litigation between the two societies involves more particularly paragraph 7 of the agreement, which provides as follows:

"When one thousand new members are secured by party of the first part [Royal Benefit Society] in said Famobrosis Division, and they are or shall have been in good standing for at least three months preceding, then this agreement, at the option of said party of the first part, shall cease and determine.   Thirty days' notice of intention to exercise such option shall be given by it.   A final settlement shall then be had and made between the parties hereto.   The trusteeship shall end.   All the members, assets, property, funds, and appurtenances of the party of the second part [the Famobrosis Society] shall then pass into the custody and under the care and control of the party of the first part, with all the rights, responsibilities, and duties in respect thereto as are now held, enjoyed, exercised, imposed, and charged upon the party of the first part."

On May 2, 1911, the Royal Benefit Society notified the Famobrosis Society that it had fully performed the agreement on its part and thereby exercised its election that the agreement should terminate.   In November, 1911, the plaintiff commenced this action.   The complaint alleges that the Famobrosis Society was induced to enter into the agreement referred to by reason of fraudulent representations of the Royal Benefit Society; also that it had not performed the agreement on its part.   The judgment demanded is that the agreement be canceled, that the bank books, securities, etc., be returned to the plaintiff, that it be adjudged to be the sole owner of the funds in question, and that the Royal Benefit Society be enjoined from interfering with, and the banks and trust companies from paying over, said funds until the further order of the court.   The Royal Benefit Society in its answer sets up, among other defenses, as a bar to the maintenance of this action, a decree of the circuit court of the state of Illinois, rendered in December, 1911, in an action in which two alleged members of the Famobrosis Division of the Royal Benefit Society—Avery and Gile—were plaintiffs and the Famobrosis Society and Royal Benefit Society were, with others, parties defendant.   The plaintiff replied, putting in issue the validity of the Illinois judgment, and upon a motion by defendant it was ordered that the issue thus raised be separately tried prior to the trial of any of the other issues involved in the action.   After a trial of that issue an interlocutory judgment was entered in favor of the plaintiff, to the effect that the judgment or decree of the Illinois courts was not a bar to the maintenance of this action.   The appeal is from that judgment.

I am of the opinion that the judgment appealed from is in the main right, and should be affirmed.   The Illinois action was commenced in

August, 1911. The plaintiffs, in their bill or complaint, alleged that the Royal Benefit Society had fully performed its part of the agreement of December 31, 1909; that it thereupon became entitled to the funds and other assets of the Famobrosis Society; that, instead of taking over such property, the Royal Benefit Society was considering a new arrangement with the Famobrosis Society, which would result in great injury to the plaintiffs. The judgment demanded was that the agreement of December 31, 1909, be construed, and that all of the funds of the Famobrosis Society be adjudged to belong to and be the property of the Royal Benefit Society. A joint answer was interposed on behalf of the Famobrosis Society and the Royal Benefit Society, by an attorney by the name of Kenney. While calling attention to the fact that there was or had been a dispute between the two societies as to whether the agreement of December 31, 1909, had been fully performed, it alleged that the Royal Benefit Society had fully performed on its part, and it was therefore entitled to a judgment or decree to that effect. The Illinois court found as a fact that the Royal Benefit Society had performed the agreement upon its part, and by reason thereof had become vested with all the property of the Famobrosis Society.

The Famobrosis Society contends that the judgment is not binding upon it, since the court did not have jurisdiction of it. If this contention be correct, then it necessarily follows that the judgment is not binding upon this plaintiff, and does not prevent its maintaining this action.

[1] After a careful consideration of all the evidence bearing upon the steps taken in the Illinois action to obtain jurisdiction of the Famobrosis Society, I am satisfied such jurisdiction was not obtained. Service of process upon a corporation, other than by publication, under the statute of Illinois, is provided for in section 8 of Practice Act, which provides as follows:

"An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought. If he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any agent of said company found in the county; and, in case the proper officer shall make return upon such process that he cannot in his county, find any"

—of the persons named, then the corporation may be notified by publication and mail in like manner and with like effect as is provided in sections 12 and 13 of an act entitled "An act to regulate the practice in courts of chancery."

The summons in the Illinois action was served upon Thomas W. Wilson, national president of the Royal Benefit Society, Charles D. Brainard, national treasurer of the Royal Benefit Society, and Samuel S. McElvain, the persons named in the agreement of December 31, 1909, to whom were to be delivered in escrow the bank books, etc., of the Famobrosis Society. The return of the sheriff recites that the Royal Benefit Society, Wilson, Brainard, and McElvain, were served individually and as agents of the Famobrosis Society. While it appears that the Royal Benefit Society had a branch office in the state of

Illinois, the Famobrosis Society had no property or office in that state, nor was it authorized to there transact any business, and the persons served were not its agents. The process served, did not, therefore, give the court jurisdiction of the plaintiff.

In Midland Pacific Ry. Co. v. McDermid, 91 Ill. 170, the question considered was the validity of the service of process upon Nebraska corporations whose superintendent was served while in the state of Illinois. The court, in holding that jurisdiction was not thereby acquired over the person of the Nebraska corporations, said:

"There being no legal agents of defendants in this state, there could be no one on whom service of process could be rightfully had. According to the pleas, defendants existed and were doing business in the state of Nebraska, and not elsewhere. That averment excludes the idea that they were doing business in this state, and hence had no agents in the state within the jurisdiction of our courts."

See, also, Silsbee v. Quincy Hotel Company, 30 Ill. App. 204.

The Famobrosis Society, as already indicated, had no property in the state of Illinois. It was not transacting any business there, and jurisdiction over it could not be obtained by serving process in the manner here attempted. Not only this, but it is quite obvious that the action was not commenced, or defended, in good faith so far as this plaintiff is concerned. The persons served were in no sense its agents. They were the agents and representatives of the Royal Benefit Society.

[2] It is also claimed that jurisdiction of the Famobrosis Society was obtained in the Illinois action by the attorney who appeared therein on its behalf. The evidence did not establish any authority on the part of Kenney to appear for it. It is quite evident, from the joint answer which he interposed, in which it was alleged that the Royal Benefit Society had fully performed the agreement, that he did not suppose he was representing it, if the purpose of the action were to settle a dispute between the two societies as to whether the agreement had been performed.

[3] Further claim is made that the authority of the attorney to appear for the Famobrosis Society cannot be attacked collaterally. The rule sought to be applied in this respect, and the authorities cited in support of it, have no application. That rule applies only in the jurisdiction in which the attorney appears and the judgment is recovered. It has never been applied, so far as I am aware, to judgments recovered in other states. Vilas v. Plattsburgh, etc., R. R. Co., 123 N. Y. 440, 25 N. E. 941, 9 L. R. A. 844, 20 Am. St. Rep. 771; White v. Glover, 138 App. Div. 797, 123 N. Y. Supp. 482; Prichard v. Sigafus, 103 App. Div. 535, 93 N. Y. Supp. 152.

Finally, it is claimed by the appellant that certain findings in the decision are erroneous, and that the judgment is improper in form. This claim seems to be well founded. The issue tried was solely as to the validity of the Illinois judgment. The court, however, passed upon facts not necessary to or involved in that determination. The following findings in the decision are, therefore, reversed, namely, VIII, IX, X, XI, XIII, XIV, XV, XXIX, XXX, XXXI, and XXXII; and the third conclusion of law is modified, so as to provide that the plaintiff is entitled to an interlocutory judgment to the effect that the Illinois

judgment is not a bar to the maintenance of this action. The interlocutory judgment is also modified by striking therefrom all after the words "ordered, adjudged, and decreed," and inserting in place thereof a provision that the judgment recovered in the Illinois action is not binding upon this plaintiff, and is not a bar to the prosecution of this action.

The judgment appealed from, therefore, is modified as stated, and, as thus modified, affirmed, with costs to respondent. All concur.