FRANCIS W. ADAMS, Plaintiff, *v.* EVANS R. DICK et al., Defendants.

(Supreme Court, New York Trial Term, April, 1918.)

Judgments — foreign — enforcement of — interpretation of "full faith and credit" clause of Federal Constitution — payments — contracts.

In an action brought in this state upon a foreign judgment based upon a foreign statute authorizing an action to recover moneys paid to the defendants who were stockbrokers on account of stock transactions had with plaintiff, the court must accept the interpretation of the "full faith and credit" clause of the Federal Constitution by the Supreme Court of the United States and enforce the judgment though it is based upon a statute which is contrary to the declared policy of our state.

Supreme Court, April, 1918.        [Vol. 103.

Where the foreign court declined to find that certain payments made to plaintiff by the defendants during the transactions between them were a return of any part of the original deposit, and also specifically refused to find that there were any valid sales or purchases of stock made or contracts therefor entered into, it must be deemed adjudicated for the purposes of the present action that the transactions between the parties were illegal and that no affirmative cause of action to recover could be based on said payments.

The principle of *res adjudicata* is also fatal to a counterclaim for the repayment of losses which were made in the account, upon plaintiff's orders.

ACTION to recover a balance due upon a judgment of the Superior Court of Massachusetts.

A. G. Maul and William R. Bigelow, for plaintiff.

Harry Baer and William Klein, for defendant E. R. Dick.

John J. Clark, for defendant A. E. Hunt, Jr.

Harry C. Miller, for defendant Sellers.

Frank D. Arthur and G. W. Tucker, Jr., for defendant Geer.

SEARS, J. A judgment of the Superior Court of Massachusetts is the foundation of this action. In that court on the 15th day of January, 1917, the plaintiff recovered judgment against the defendants for the sum of $31,549.08 damages and $112.26 costs, upon which recovery the plaintiff received in payment on the 5th day of April, 1917, the sum of $8,000, leaving a balance due upon said judgment of $24,082.06, with interest thereon from the 5th day of April, 1917, to recover which sum this action was brought.

The defendants Geer and Sellers, answering separately, set up as a defense that while they were partners of the other defendants in a business enterprise they had not at any time been residents of Massachusetts and had neither been personally served with process nor had the attorneys who appeared for them in the Massachusetts court been authorized by them so to appear. The issue thus raised upon this defense was submitted to the jury and upon the special verdict of the jury in their favor they are entitled to judgment dismissing the complaint as to them upon the merits. *National Exchange Bank* v. *Wiley,* 195 U. S. 257; *Famobrosis Society* v. *Royal Benefit Society,* 166 App. Div. 593; *Cooper* v. *Newell,* 173 U. S. 555; *Ferguson* v. *Crawford,* 70 N. Y. 253.

The other defendants, except the defendants McCall, Wallace, Welling and Julian J. Dick, have answered that the judgment sued upon is a judgment for a penalty, having no effect beyond the jurisdiction in which it was granted and consequently that the full faith and credit clause of the Federal Constitution (Art. IV, § 1) is not applicable to it. Under such circumstances it becomes incumbent upon this court to examine into the nature of the claim upon which the Massachusetts judgment was founded.

"The essential nature and real foundation of a cause of action," said the United States Supreme Court in *Wisconsin* v. *Pelican Insurance Co.,* 127 U. S. 292, "are not changed by recovering judgment upon it; and the technical rules, with regard to the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court, to which a judgment is presented for affirmative action (while it cannot go behind the judgment for the purpose of examining into the validity of the claim) from ascertaining whether the claim is

really one of such a nature that the court is author-
ized to enforce it."

The Massachusetts action was brought under a stat-
ute of that state (R. L. chap. 99, paragraphs 4, 6) to
recover moneys paid to the defendants who were stock-
brokers on account of stock transactions had with
them by the plaintiff. The pertinent parts of the stat-
ute are as follows:

" § 4. Whoever upon credit or upon margin con-
tracts to buy or sell, or employs another to buy or sell
for his account, any securities or commodities, intend-
ing at the time that there shall be no actual purchase
or sale, may sue for and recover in an action on con-
tract from the other party to the contract, or from
the person so employed, any payment made, or the
value of anything delivered, on account thereof, if
such other party to the contract or person so employed
had reasonable cause to believe that said intention
existed; but no person shall have a right of action
under the provisions of this section if, for his account,
such other party to the contract or the person so
employed makes, in accordance with the terms of the
contract or employment, personally or by agent, an
actual purchase or sale of said securities or commodi-
ties, or a valid contract therefor.  *  *  *

" § 6. In a proceeding under the provisions of the
two preceding sections, the fact that the seller or the
person employing another to sell for his account did
not own the securities or commodities at the time of
the contract of sale or at the time of the giving of the
order to sell, and the fact that settlements were made
without the completion of the purchase or sale of the
securities and commodities bought or sold or ordered
to be bought or sold, shall each be *prima facie* evidence
that within the meaning of section four there was an
intention that there should be no actual purchase or

sale, and that there was reasonable cause to believe that said intention existed; and the parties liable to an action under the provisions of said section shall be jointly and severally liable.''

The defendants were stockbrokers doing business in Boston, and the recovery was for an amount concededly deposited by the plaintiff with the defendants, together with interest. The court found that the intention mentioned in the statute existed and that actual purchases or sales were not made by the defendants, nor were valid contracts within the meaning of the statute entered into by them. The plaintiff did show upon the trial in the Massachusetts court, and it is conceded here, that during the transactions the defendants paid to the plaintiff the sum of $17,486.38 which was to be charged to the plaintiff's account with the defendants, and it is because of these payments, which, if allowed as a credit or offset, would have reduced the recovery in Massachusetts to about $5,600 with proper interest, that the defendants contend that the Massachusetts statute as interpreted by the Massachusetts court imposes a penalty. To put the defendants' contention in another way, it is their claim that the plaintiff, except for a slight amount of interest, has already been put back in the position in which he would have been, had he never had any transactions with the defendants, and that, therefore, except for a small amount of interest, he has already been fully compensated, and the attempt to recover about $25,000 now upon the Massachusetts judgment is in no sense an attempt to recover compensation, and therefore that the Massachusetts judgment must be considered a judgment for a penalty.

Crimes and offenses against the laws of any state can only be defined, prosecuted and pardoned by the sovereign authority of that state, and the authorities,

legislative, executive or judicial, of other states take no action with regard to them, except by way of extradition to surrender offenders to the state whose laws they have violated and whose peace they have broken. *Huntington* v. *Attrill*, 146 U. S. 657, 663. This general principle has been stated by Chief Justice Marshall in *The Antelope*, 10 Wheat. 66, 123, in the sentence, " The Courts of no country execute the penal laws of another." But it is pointed out in *Huntington* v. *Attrill, supra,* that there is danger of being misled by the different shades of meaning allowed to the word " penal " in our language, and that it is only a judgment founded upon a statute which is penal in an international sense to which due faith and credit need not be given. Thus it is there stated that an action to recover punitive damages or double or treble damages, provided the recovery is for the benefit of one injured, is not penal, even though it is more than compensatory, but is remedial. *Huntington* v. *Attrill, supra,* 667, 668. A number of cases are there cited in support of this contention. On the other hand, *qui tam* actions, actions by a common reformer, may stand on the same ground as suits brought for a penalty in the name of the state or its officers and are penal in the international sense, that is, the actions are brought to enforce the criminal law of the state. *Huntington* v. *Attrill, supra,* 667, 673. And finally in the same case the test is laid down as follows (p. 673) : " The question whether a statute of one State, which in some aspects may be called penal, is a penal law in the international sense, so that it cannot be enforced in the courts of another State depends upon the question whether its purpose is to punish an offense against the public justice of the State or to afford a private remedy to a person injured by the wrongful act."

Applying to the instant case this test as illustrated

by the Supreme Court of the United States in the very case where the rule is laid down, the Massachusetts judgment, although penal in the sense that it is more than compensatory, nevertheless is for the benefit of the person wronged, redresses his private grievance, as distinguished from a public wrong, and is not penal in an international sense. *Carpenter* v. *Beal-McDonnell & Co.,* 222 Fed. Repr. 453; *Gruetter* v. *Cumberland Telephone & Telegraph Co.,* 181 id. 248; *Interstate Savings & T. Co.* v. *Wyatt,* 164 Pac. Repr. 506, affg. 27 Colo. App. 217.

I have not overlooked the argument based upon the principle laid down in *Wisconsin* v. *Pelican Insurance Co., supra,* that the merging of the cause of action in the judgment does not alter the obligation of the state to enforce the plaintiff's right, taken in connection with the principle enunciated by our own courts that actions founded upon foreign statutes which create a liability against a citizen, or grant a remedy, unknown to the common law, or contrary to the declared policy of our state, will not be enforced in our courts. *Marshall* v. *Sherman,* 148 N. Y. 9; *Hutchinson* v. *Ward,* 192 id. 381. The answer to this argument is that in this case the court is concluded by the interpretation of the faith and credit clause of the Constitution by the Supreme Court of the United States. Where the action is brought as an original matter in our courts upon a foreign statute, our courts may exercise their independent judgment as to whether the statute shall or shall not be enforced, but, where it is founded upon a foreign judgment based upon such foreign statute, it must accept the interpretation of the Federal Constitution by the Supreme Court of the United States and enforce the judgment, even though it is based upon a statute which is contrary to the declared policy of our state. A striking exam-

ple of this is *Fauntleroy* v. *Lum,* 210 U. S. 220, where a citizen of Mississippi was sued in Missouri upon a Mississippi statute and a judgment rendered upon an interpretation of the statute contrary to that adopted by the Mississippi courts. An action was then brought upon the Missouri judgment in Mississippi and the Supreme Court held that the full faith and credit clause of the Constitution required the Mississippi court to allow a recovery upon the Missouri judgment. It is, therefore, not open to this court to inquire whether or not the interpretation of the Massachusetts judgment is in accordance with our declared policy.

The defendants also set up two counterclaims which are entitled to consideration: *first,* for a recovery of the $17,486.38, the aggregate of payments made by the defendants to the plaintiff during the transaction be- tween the parties, and not allowed as a credit by the Massachusetts court. The defendants contend that if they are obligated to return the entire amount of the deposit for which recovery has been allowed, the money paid to the plaintiff by the defendants during the transactions was had and received by the plaintiff to the defendants' use. The Massachusetts court de- clined to find that these payments were a return of any part of the original deposit. The Massachusetts court also specifically refused to find that there were any valid sales or purchases made or contracts entered into. These rulings were essential to the judgment. In the instant case no evidence is here before the court on this subject which was not also before the Massachusetts court. For the purposes of this suit it must be deemed adjudicated that the transactions between the parties were illegal and no affirmative cause of action can be based on the payment of money thus growing out of illegal transactions.

The second counterclaim is for repayment to the

defendants of the losses which were made in the account upon the plaintiff's orders. Here again the principle of *res adjudicata* is fatal to the defendants' contention. As I have already pointed out, the Massachusetts court has determined that no valid sale or purchase was made by the defendants, or valid contract entered into. Under the Massachusetts law, no loss therefore was sustained, and even though the interpretation of the New York law by the Massachusetts court was erroneous, being essential to its judgment, it is binding upon this court. *Fauntleroy* v. *Lum, supra.*

The plaintiff therefore is entitled to judgment for the amount demanded, with costs, against all the answering defendants, except the defendants Sellers and Geer, who are entitled to judgment against the plaintiff dismissing the complaint as to them, with costs.

Judgment accordingly.