FRANK C. HOLLINS AND ANOTHER, APPELLANTS, *v.* THE ST. LOUIS AND CHICAGO RAILWAY COMPANY, RESPONDENT.

*Appearance by an attorney — evidence of authority to appear required.*

Where it is shown that an attorney, appearing for the defendant in an action, may not have been invested with lawful authority to do so, the court will require him to exhibit, or in some other authentic manner disclose, the evidence of his authority.

APPEAL by plaintiffs from an order, entered in the office of the clerk of the county of New York on the 20th day of February, 1890,

·denying plaintiffs' motion that William M. Safford, the defendant's .attorney, exhibit and prove to the plaintiffs and to the court his .authority to appear in the above-entitled action for the defendant therein.

*Fred. W. Hinrichs,* for the appellants.

*W. M. Safford,* for the respondent.

DANIELS, J.:

The affidavits read in support of the motion are sufficient to prove that the attorney appearing for the defendant may not have been invested with lawful authority to represent it in the action. And where that may be the fact, the control which the court has over the attorney, whose officer he is, will authorize it to solve the doubt, by ·directing him to exhibit, or in some other authentic manner disclose, ·the evidence of his authority. This is no more than just to the party whose action he may contest, for he should not be subjected to either interference or expense by the intervention in the litigation of an attorney without power to represent the party in whose nominal behalf he assumes to act.

The observance and enforcement of this rule on the part of the ·court will, in a very great degree, remove all cause for the conspicuous inconsistency which has found its way into the courts from the want of authority on the part of the attorney. As the law has been declared, and now exists, an attorney may appear in the courts of this State for a party without even a semblance of authority for doing so, and subject him to a judgment whose enforcement he will be powerless to resist. (*Hamilton* v. *Wright,* 37 N. Y., 502; *Brown* v. *Nichols,* 42 id., 26.) While if that is done in another State, and the judgment is afterwards brought here for suit and enforcement, the fact that it has been recovered upon an appearance by an attorney, without authority to represent the party for whom he appears, will be permitted to avoid the judgment for want of jurisdiction over the person against whom it has been recovered. (*Kerr* v. *Kerr,* 41 N. Y., 272.) There is no principle supporting this distinction, but the absence of authority to appear should be attended with the same result in each case. It is little less than absurd to hold a judgment recovered in this State, on the appear-

ance of an attorney, to be conclusive, and a judgment recovered in the same manner in another State to be void for want of jurisdiction over the person ; and a liberal exercise of the authority requiring the attorney to present to his adversary proof of his power to represent a party will have a beneficial effect in the way of correcting and removing this injustice. It was applied in a salutary manner in *Nordlinger* v. *De Mier* (7 N. Y. Supp., 463), and the probability proceeding from the affidavits produced will justify the application of the principle in this case.

The order should be reversed, with ten dollars costs and the disbursements, and an order made requiring the attorney appearing for the defendant to furnish, within ten days after notice of this decision, proof of his authority to appear as attorney for the defendant in this action, or in default thereof that his notice of appearance, and any other paper served by him, be stricken from the record.

Van Brunt, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and the disbursements, and motion granted.