JOHN R. DRAKE, Appellant, *v.* THE NEW YORK IRON MINE, Respondent, Impleaded, etc.

*Power of the court to compel an attorney to disclose the residence and occupation of his client.*

The Supreme Court has power to make an order requiring a plaintiff's attorney to furnish to the attorney for the defendant a sworn statement showing tne occupation and residence of the plaintiff, when it becomes necessary for the due and orderly progress of the action in which it is made, but such power will never be exercised for any remote purpose.

APPEAL by the plaintiff, John R. Drake, from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 1st day of June, 1893, as requires the plaintiff's attorney to furnish to the attorney for the defendant a sworn statement of the residence and occupation of the plaintiff.

*Roger M. Sherman*, for the appellant.

*Frank E. Smith*, for the respondent.

DYKMAN, J.:

This is an appeal from an order requiring the plaintiff's attorney to furnish the attorney for the defendant a sworn statement showing the occupation and residence of the plaintiff.

There is doubtless sufficient power lodged in the court to make such or any order when it becomes necessary for the due and orderly progress of the action in which it is made, yet it is entirely obvious that such power will never be exercised for any remote purpose.

Courts make only such orders and permit such proceedings in actions as are relevant and essential to the legitimate conduct thereof. Ulterior designs of litigants cannot be fostered by the courts.

This defendant has been offered all he can require for the purposes of this action, and the papers before us disclose an ulterior design in procuring this order.

The attorney for the plaintiff made a distinct offer in writing to the attorney for the defendant to furnish him with the address and

occupation of the plaintiff if it was desired for any purpose connected with the pending suit, and as that offer was not accepted there can be but one inference drawn from such failure to accept the same.

We do not think the power of the court has been wisely exerted, and the order should be reversed, with ten dollars costs and disbursements.

PRATT, J., concurred; CULLEN, J., not sitting.

Order reversed, with ten dollars costs and disbursements.