forced; but until that was done, and certainly as against everybody except the state, proceeding in a lawful manner, it was within the possession of, and under the control of, defendant. The fact that by his license, and without compensation, others were occasionally permitted to use it, was not sufficient to destroy this proprietorship. The prayer of the petition is therefore granted, with costs.

Petition granted, with costs.

(25 Misc. Rep. 660.)

### HAVANA CITY RY. CO. et al. v. CEBALLOS et al.

(Supreme Court, Special Term, New York County. December, 1898.)

1. ATTORNEYS—AUTHORITY FOR COMMENCING ACTION.

On motion for information as to authority of attorneys to commence action in name of a corporation of another state, the question whether it has ceased to exist under the laws of that state, or whether the person alleged to be its president and trustee, and to have given them authority, is such, or, being such, has power to authorize commencement of the action, cannot be considered.

2. DISCOVERY—RESIDENCE OF PLAINTIFFS.

Where all but one of the plaintiffs are admitted to be nonresidents, and he does not appear to be a necessary party, and his address is given generally as in the "city, county," and state of New York," and defendants' affidavits show that they have exhausted the usual methods of finding him, without success, they are entitled to disclosure as to the particulars of his residence.

Action by the Havana City Railway Company, a corporation organized under the laws of the state of West Virginia, and others, against Juan M. Ceballos and others. Defendants move that plaintiffs' attorneys be compelled to disclose their authority for commencing the action in the name of the corporation, and the addresses and places of residence of the individual plaintiffs, and that, if they are nonresidents, security for costs be given. Granted in part.

Kisch & Roberts, for plaintiffs.
Adams & Adams, for defendants.

SCOTT, J. I cannot, on this motion, consider the question whether or not the Havana City Railway Company has ceased to exist under the laws of West Virginia. Although it may have failed to pay its taxes, and has thereby subjected itself to the forfeiture of its charter, there is grave doubt whether that contention can prevail in the present action. Lumber Co. v. Ward, 30 W. Va. 43, 3 S. E. 227. If it can be maintained, it must be raised by answer. The attorneys for the plaintiffs show that their authority to represent the plaintiff corporation is derived from Hugh Alexander, who is alleged to be its president, and the trustee for its stockholders. Whether he is in fact such president and trustee, or whether, being president and trustee, he had power to authorize the commencement of the action, are questions which do not arise on the present motion, which is directed solely to obtaining information. The residence of Hugh Alexander is also given with sufficient particularity. To this extent the defendants' demand for information is already complied with. Not

so, however, as to the plaintiff Sweeney. A careful reading of the complaint does not show that he is a necessary party to the action, and it is doubtful whether he is even a proper party. His residence is given very generally as being in the "city, county, and state of New York." The affidavits show that the defendants have exhausted all the usual methods of finding him, if he is a resident of this city, but without success. It can do the plaintiffs no harm to disclose the particulars as to Mr. Sweeney's residence, unless, indeed, as was intimated upon the argument, he has been joined as plaintiff merely to obviate giving security for costs, the other plaintiffs being admittedly nonresidents. If any such purpose exists, the defendants are certainly entitled to such information as will enable them to ascertain, and, if necessary, test, the fact of his residence.

Motion granted to the extent of requiring plaintiffs' attorneys to furnish to defendants' attorneys the address and place of residence of the plaintiff Eugene Sweeney. No costs. Settle order on notice.