(62 Misc. Rep. 53.)

## O'CONNOR v. O'CONNOR.

(Supreme Court, Special Term, New York County.　January, 1909.)

ATTORNEY AND CLIENT (§ 74½*)—DISCLOSURE OF CLIENT'S ADDRESS.

    An order will be granted requiring defendant's attorney to disclose the address of his client, to enable plaintiff in divorce to serve upon him an order requiring payment of counsel fees for the pending litigation.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 94; Dec. Dig. § 74½;* Discovery, Cent. Dig. § 55.]

Action by Clara M. O'Connor against William T. O'Connor.　Application for an order to furnish to plaintiff's attorney the address of defendant.　Motion granted.

J. H. K. Blauvelt, for plaintiff.

Goeller, Shaffer & Eisler, for defendant.

ERLANGER, J.　Plaintiff, through her attorney, demanded of the attorneys for the defendant the address of the latter; and, the information having been refused, application is now made for an order to have such address disclosed.　It seems that the address is required to enable plaintiff to serve an order of this court requiring the payment of counsel fees.　The order as entered provides for the payment of such fees within ten days after the service thereof upon him (defendant).

The disclosing of the address is refused upon the sole ground that the information is privileged.　I do not think so.　Motions of this character are not rare, and the courts have frequently compelled the giving of such information.　In Baur v. Betz, 1 How. Prac. (N. S.) 344, the address was ordered to enable the service of an injunction order upon the defendant; the court holding that the disclosure was in aid of the administration of justice.　In Ninety-Nine Plaintiffs v. Vanderbilt, 1 Abb. Prac. 193, the address was ordered of the various plaintiffs, and whether they were alive, so that security for costs might be obtained in case of nonresidence.　In Corbett v. Gibson, 18 Hun, 49, it was ordered to ascertain by examination if the action for libel was prosecuted with the knowledge or desire of plaintiff.　In Post v. Schneider, 59 Hun, 619, 13 N. Y. Supp. 396, it was ordered both for the purpose of examining the defendant and of ascertaining whether security for costs could be required.　To the same effect, see Havana City R. Co. v. Ceballos, 25 Misc. Rep. 660, 56 N. Y. Supp. 360; Drake v. New York Iron Mine, 75 Hun, 539, 27 N. Y. Supp. 489; Walton v. Fairchild, 24 N. Y. St. Rep. 314, 4 N. Y. Supp. 552; Post v. Schneider, 59 Hun, 619, 13 N. Y. Supp. 396.

Other authorities might be cited, but those referred to will suffice. It clearly appears that all efforts to find or locate the defendant in the places where he was supposed to be have proved futile.　It is a fair presumption that attorneys know the address of their clients; and, in the orderly administration of justice, they should be required to disclose the same, when it appears that the sole object in seeking the information is in connection with the pending litigation.　In so far as it is sought on this application to modify the order, a motion can be

made, if necessary, to resettle it before the justice who originally entered it.

Motion to disclose the address granted.

Motion granted.