### In re HAYES.

(District Court, S. D. New York. February 9, 1912.)

BANKRUPTCY (§ 114*)—ANCILLARY RECEIVERSHIP—VACATION—COMITY.

Where a receiver appointed for an alleged bankrupt in the district of New Jersey was appointed ancillary receiver of the bankrupt's assets in New York, and an application was made to set aside the order in the ancillary proceedings on the ground that the alleged bankrupt was solvent and had committed no act of bankruptcy, the application both as to the vacation of the receivership and the bond to be required of petitioners to answer for costs, etc., should be first submitted to the New Jersey court of original jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

In the matter of Charles F. Hayes, an alleged bankrupt. On motion to vacate an order appointing Edward M. Meek ancillary receiver of the alleged bankrupt's assets in New York. Denied.

This is a motion in the Southern District of New York to vacate an order appointing Edward M. Meek ancillary receiver of the assets of the alleged bankrupt. A petition was filed against the bankrupt in the District Court of New Jersey on the 29th day of January, 1912, praying that he be adjudicated a bankrupt. Upon that petition and other papers, the District Court for the District of New Jersey appointed Edward M. Meek receiver. It does not appear whether in New Jersey the receiver has ever taken possession of any assets or that there are any assets there and the alleged bankrupt asserts that there are none such. Upon the same day the petitioners in that proceeding obtained from this court an order appointing Edward M. Meek ancillary receiver, and he has taken certain measures in this jurisdiction to reduce to possession certain stock registered in the name of the alleged bankrupt. The bankrupt now moves in this district to vacate the appointment of the ancillary receiver upon the merits, alleging that the alleged bankrupt is amply solvent and he has committed no act of bankruptcy, also insisting that, even if the ancillary receivership be maintained, the petitioners be compelled to give a bond to answer for the costs.

Robert P. Levis, for alleged bankrupt.
Harold Remington, for respondent.

HAND, District Judge (after stating the facts as above). The case is not of power, but of that much abused word, "comity." I have no doubt that this court has jurisdiction in a pressing case whenever necessary to vacate its own order appointing an ancillary receiver, but

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I think that it ought not to do so where the controlling consideration is of the propriety of any receivership at all. In granting an ancillary receivership the court ordinarily looks at nothing except the pendency of a proceeding in the parent district, the appointment there of a receiver, and the presence of assets in the district where the application is made. The court quite literally makes itself a handmaid of the other court, and ordinarily exercises no independent jurisdiction or even discretion. If a motion were made to vacate an ancillary receivership because it turned out that one of the facts was absent which the court actually considered—as that there were no assets within the ancillary jurisdiction—then the ancillary court would vacate the receivership as of course. But when, as here, the application goes to the propriety of any receivership, then it seems to me there can be no doubt of the propriety of requiring the applicant to go to the court of chief jurisdiction. If in this case that court should dissolve the receivership without consideration of the merits, but only on the theory that there were no assets in New Jersey so that the only receivership that existed was that of this district, the question might be argued here on the merits, but that case has not arisen yet. I shall ask the petitioner to make his application to the District Court of New Jersey which has the control and guidance of the estate as a whole, and by whose direction this court will gladly feel itself bound.

The remaining question is whether I should increase the bond, and I think that this too had better be referred to the court of chief jurisdiction. The considerations which govern the amount of the bond concern, generally in part at least, all the merits of the case; they do not depend alone upon the amount of the assets in this jurisdiction. It is true that in strict theory the District Court of New Jersey could not fix the amount of the bond and make a continuance of the receivership in this court dependent upon its execution. All that the District Court of New Jersey could do would be to vacate the receivership in New Jersey in case the bond required was not given, and that would not ipso facto dissolve the ancillary receivership here. If it appeared that the New Jersey court, considering the whole case, deemed such bond necessary in justice to the alleged bankrupt, certainly I should not hesitate in accordance with what I have said above to vacate the ancillary receivership, as of course, the chief receivership having been vacated on the merits, just as I would vacate as of course the receivership here if the New Jersey court for any other reason vacated the main receivership there. I regard the conditions upon which any receivership is to be maintained as a part of the merits of the whole application, and those merits I think should be considered by the judge having the chief jurisdiction. Were the question of the amount of the bond which the receiver himself must give, that question being determinable practically alone by the amount of the property which he seizes, I should perhaps not feel that the proprieties required me to leave that question to the main jurisdiction, but the bond to be given by the petitioner stands on an entirely different basis. I will hold this motion undecided until the applicant has made application to the District Court of New Jersey and it has acted on the merits.