Gaston & Company, Inc., Respondent, *v.* All Russian Zemsky Union, Appellant.

First Department, November 4, 1927.

Attorney and client — authority of attorney — motion to strike out answer and notice of appearance by defendant's attorneys on ground that agent of defendant had no authority to employ attorneys — original authority conceded — proof of repudiation of agent's authority not sufficient — motion denied.

It was error for the court below to strike out defendant's answer and the notice of appearance filed by the attorneys for the defendant on the ground that the attorneys were employed by one assuming to represent the defendant who was not its agent. The affidavits show that the original authority of the agent is conceded and is proven by a certification by Russian diplomatic agents in this country. The original authority of the agent to act being proven, it was necessary for the plaintiff to establish that that authority had been revoked prior to the employment of the attorneys for the defendant.

Revocation of authority was not established by testimony to the effect that a person claiming to be president of the defendant stated in a letter that in the course of the year 1918 communications between Moscow and New York became interrupted and that the representative of the defendant had acted since that time independently and on his own responsibility without necessary directions or information. There is also some question as to the legality of the election of said person as president of the defendant, and furthermore it appears that after his election, if it were valid, the agent of the defendant acted as such and was recognized as such by the executive departments of the United States.

McAvoy, J., dissents.

APPEAL by the defendant, All Russian Zemsky Union, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of July, 1927, granting plaintiff's motion to strike out the answer and notice of appearance of defendant by Messrs. Coudert Brothers, as its attorneys.

*Mahlon B. Doing* of counsel [*Coudert Brothers,* attorneys], for the appellant.

*Paul Van Anda* of counsel [*George W. Wickersham* with him on the brief; *Cadwalader, Wickersham & Taft,* attorneys], for the respondent.

FINCH, J.  The main question involved in this appeal is one of fact, namely, whether the authority in an agent to employ attorneys to represent the defendant has been revoked. The plaintiff is seeking to prove a repudiation of said authority so that it may thus dispose of the notice of appearance and answer served on behalf of the defendant, thereby eliminating what purports to be a meritorious defense, and enter a judgment as upon a default. The plaintiff has succeeded at the Special Term and the defendant appeals.

The facts necessary to show the reason for the decision are, briefly, as follows: The plaintiff is a New York corporation which claims to have purchased from another New York corporation, no longer in existence, certain claims existing against the defendant. The defendant is a governmental or quasi-governmental corporation formed by delegates from the various local " Zemstvos " in Russia. There appears nothing in the record to contradict the allegation that these Russian " Zemstvos " correspond in general to the American county governments or councils. In 1915 Messrs. Poliakoff, Avinoff and Sakhnovsky came to the United States as an American Commission representing the said defendant. Prior to the year 1918 the defendant, acting chiefly through representatives in Russia, made certain contracts with Gaston, Williams & Wigmore, Inc., the defunct New York corporation, which was the assignor of the plaintiff. In February, 1918, said Gaston, Williams & Wigmore, Inc., brought a suit in the United States District Court for the Southern District of New York upon certain claims alleged to exist in favor of this corporation against the defendant. An attachment was issued in that suit against funds of the defendant which were on deposit with the National City Bank and of which said Poliakoff had control. As these transactions arose principally through representatives of the defendant in Russia and as the American Commission had knowledge only

of certain of the administrative details involved, apparently neither the plaintiff nor the defendant was able, due to conditions in Russia at that time and since, satisfactorily to prove the existence or non-existence of these claims. Finally in 1921 Poliakoff, through his present attorneys, representing the defendant, made an agreement of compromise in writing with the plaintiff's assignor. The result of this agreement was a payment by the National City Bank at the request of said Poliakoff of the sum of $200,000 to the plaintiff's assignor, and in consideration thereof Gaston, Williams & Wigmore, Inc., agreed for itself and its assigns that it would never sue upon the claims involved in this action except in Russia. Apparently the purpose of this agreement was to settle the matter of the claims sued upon until such time as Gaston, Williams & Wigmore, Inc., or its assignee should be able fully and adequately to prove these claims in Russia and the defenses thereto could likewise be proved. Whether also there was a security of Russian rubles deposited in Russia to secure the drafts sued upon in that action, so that there might also exist later an advantage to the plaintiff in having the drafts paid out of the security in Russia and not out of the American funds of the defendant, is a matter of controversy in this record. Whatever reason existed, certain it is that Gaston, Williams & Wigmore, Inc., did agree in writing not to sue upon these claims except in Russia, as heretofore noted. It is also a fair inference from the affidavits that the representatives of the plaintiff and of plaintiff's assignor have recognized Poliakoff as agent of the defendant as late as February, 1925, since which time the plaintiff claims that the authority of Poliakoff to represent the defendant has been repudiated by one Nicholas V. Makeeff, who is asserted to have been elected chairman of the executive committee and acting president of the defendant on January 18, 1918. We thus reach the real issue in the case, namely, whether this record sustains a repudiation of the authority of the American Commission to employ the defendant's attorneys to appear and defend this action on behalf of the defendant. The authority of the defendant's attorney to appear upon its behalf having been questioned, the burden is cast, and naturally so, upon the one asserting the authority, to prove the same, since he is in possession of the facts. As was said by DANIELS, J., in *Hollins* v. *St. Louis & Chicago R. Co.* (57 Hun, 139): " The affidavits read in support of the motion are sufficient to prove that the attorney appearing for the defendant may not have been invested with lawful authority to represent it in the action. And where that may be the fact, the control which the court has over the attorney, whose officer he is, will authorize it to solve the doubt, by directing him to

exhibit, or in some other authentic manner disclose, the evidence of his authority. This is no more than just to the party whose action he may contest, for he should not be subjected to either interference or expense by the intervention in the litigation of an attorney without power to represent the party in whose nominal behalf he assumes to act."

In denying the right to appear for the defendant, it would seem as though this case heretofore has been treated as if the original authority was in issue, without giving proper weight to the important fact in the case, namely, that the authority of the American Commission including Poliakoff to represent the defendant prior to the alleged repudiation, is conceded. The former authority being conceded, the defendant is then helped by the well-known presumption that a state of facts once shown to exist continues; and this is doubly so because of the governmental character of the defendant since Poliakoff's original authority was certified by the duly accredited Russian diplomatic agents. (On November 18, 1918, Boris Bakhmeteff, who was then the duly recognized Ambassador Extraordinary and Minister Plenipotentiary of Russia to the United States, duly certified that the said Poliakoff was the agent of the defendant. Also, on April 30, 1919, S. Ughet, duly recognized Charge d'Affaires ad Interim of Russia to the United States, made a certificate to the same effect.) As was said by Judge ROGERS in *Agency of Canadian Car & Foundry Co., Ltd.,* v. *American Can Co.* (258 Fed. 363): " The question at issue being, on this phase of the case, whether the Russian government has effectually divested itself of all interest in the moneys now in the hands of the defendant, this court holds that the certificate of the personal representative of that government, duly accredited to and recognized by the government of the United States, certifying that the official who assumed to assign and release any such interest as his government might have was authorized to act in behalf of his government in making such assignment and release, is competent and conclusive evidence, which the court below properly held to be decisive." (p. 369.)

When it, therefore, appeared that the American Commission and Poliakoff had the authority to represent the defendant, while it did not shift the burden from the defendant, yet it then became the duty of the plaintiff to go forward and show facts to offset this admitted authority, which continued until the contrary is shown. To sustain the plaintiff's contention that the authority of Poliakoff was revoked, reliance is placed upon an affidavit of George A. Gaston, the plaintiff's president and obviously an interested person, that while in England in December, 1924, in

the course of conversations with one Makeeff, alleged by him to be the duly elected president of the defendant, the authority of Poliakoff was repudiated. Attached to the affidavit is an alleged extract from a letter of said Makeeff to Gaston dated February 11, 1925, claimed to be in confirmation of said repudiation. It reads as follows: " In the course of the year 1918 the regular communications between Moscow and New York became interrupted and the Representative of the All-Russian Zemsky Union in America acted since that time independently on their own responsibility and without having the necessary directions or information from the Main Committee."

Even if Makeeff be conceded to be the duly elected president of the defendant, said extract does not prove any revocation of authority, but merely relates to actions without specific directions. Indeed, the reference to acting without the necessary information creates an inference of authority to act but a lack of information to act to the best advantage. But the legality of the election of Makeeff to the presidency of the defendant is put in issue by the appellant, who claims that the convention which elected said Makeeff was without a quorum and that employees of the Main Committee participated without legal right. It moreover appears that subsequent to the alleged election of Makeeff in 1918 and alleged revocation of Poliakoff's authority, the latter continued to act as the defendant's agent, and as late as 1922 was recognized as such by the executive departments of the United States government.

Upon this record the court is of the opinion that sufficient has not been shown to establish a repudiation of the authority of Poliakoff to employ attorneys to appear on behalf of the defendant and defend this action. The order accordingly should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., MARTIN and O'MALLEY, JJ., concur; McAVOY, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.