O. G. ORR & COMPANY, INC., Plaintiff, *v.* FIREMAN'S FUND INSURANCE COMPANY, Defendant.

Supreme Court, Greene County, September 19, 1931.

*Robert H. Elder* [*Otho S. Bowling* of counsel], for the plaintiff.

*Bigham, Englar, Jones & Houston* [*Frank H. Osborn* of counsel], for the defendant.

McNamee, J. The plaintiff was a domestic corporation which was dissolved pursuant to statute in 1919. At that time it had four directors, three of whom have not been relieved from their responsibilities as such; and the fourth director has died. This action was brought to recover compensation for services alleged in the complaint to have been rendered by the plaintiff in 1917, but which did not become payable until 1928.

One of the grounds of the motion is that the action was never authorized by the plaintiff or by any competent authority representing it, and that accordingly the attorney for the plaintiff was without authority to bring the action. The attorney for the plaintiff contends that the action was brought by him under the direction of a director who was the president of the plaintiff at the time it was dissolved, and that the purpose of this director to do so was made known to the other two surviving directors and that they interposed no objection. Thus, on this branch of the motion, the question is presented whether the plaintiff has a retainer from such an authority as justifies him in subjecting these parties to this litigation and its possible consequences.

An answer has been interposed and much intermediate litigation has taken place, including a motion, made by the defendant, which was denied, to dismiss the complaint on the ground that the plaintiff did not have legal capacity to sue. The moving papers show without denial, however, that it was not known to those representing the defendant, until now, that the plaintiff corporation had not authorized this action.

It appears from the moving papers that there has been no meeting of the directors or of the stockholders of the plaintiff since its dissolution, and that accordingly the directors as a body have taken no action looking to that end. The answering affidavits allege that the commencement of the action was directed by Director O. G. Orr; that counsel for the plaintiff told Director Wall on one occasion, and Director Osborn on another occasion of Mr. Orr's intention to institute this action, and that neither of them made any objection to that course, although Mr. Wall declined to be made a party, and "could not consent to anything" because his counsel was not available; and that "this office," meaning the office of the attorney for the plaintiff, had received no information that Mr. Wall or Mr. Osborn objected to the prosecution of the action. But the affidavit of Director Osborn denies that he ever gave his consent to, and now [protests against the bringing of the action.

Upon dissolution the directors of the plaintiff were charged with the duty of winding up its affairs, and for that purpose were

empowered to sue and be sued (Stock Corp. Law of 1923, § 105, subds. 7 and 8; formerly Gen. Corp. Law, § 221); and thereupon they became " trustees " for the creditors and stockholders, with full power to collect its assets and pay its debts, and by the statute they were likened to a board of directors in the method by which they should perform the functions intrusted to them. (Gen. Corp. Law of 1929, § 29; formerly § 35.) No evidence was submitted that the directors, made trustees by the statute, ever held a meeting or formally transacted any business whatever; at most they went separately to the office of the attorney for the plaintiff and discussed this proposed litigation. But the statute which is made applicable to the conduct of the trustees of a dissolved corporation requires that their meeting shall be duly assembled, that a quorum shall be present, and that the act of a majority present shall be the act of the trustees. (Gen. Corp. Law of 1929, §§ 27 and 28; formerly §§ 34, 43.) The statute does not provide for a president or other executive officer of the trustees of a dissolved corporation; nor does it continue or recognize as such the former executive officers of the corporation; neither does it make any provision for the carrying on of the business incident to dissolution by one or more members acting of his or their own volition, or acting separately, and apart from a duly convened meeting of the board. It is very clear that the trustees did not take the essential statutory steps necessary to authorize a law suit for the enforcement of the cause of action alleged in the complaint, or to employ an attorney for that purpose. It may be suggested, if the plaintiff has a cause of action against the defendant, that although the employment of an attorney and the commencement of the action were irregular, these things may and perhaps would be cured by a subsequent ratification of the attorney's acts; also it may be suggested that the authority of the attorney to appear will be presumed, and as a general rule this is true. (*Hamilton* v. *Wright*, 37 N. Y. 502, 503, 505.) No statute or rule is called to the attention of the court requiring the attorney to exhibit his authorization, except in that class of cases where the action affects real property (Rules Civ. Prac. rule 55). But the attorney of the court is subject to its proper control, and the practice is recognized that when his authority is questioned, he may be called upon to establish it, and this apart from rule or statute. In these circumstances it is the attorney who has asserted an authorization, and he should be prepared to submit proof of it, for, as has been said in a recent case, the facts are in his possession. (*Gaston & Co., Inc.,* v. *All Russian, etc.,* 221 App. Div. 732, 734.) And when the proof is sufficient to show that the attorney may not be authorized to represent the party for whom he appears, the court

should and will require the evidence of his authorization, or strike from the record his appearance and all other papers served by him. (*Hollins* v. *St. Louis, etc., Ry. Co.*, 57 Hun, 139; *Nordlinger* v. *De Mier*, 54 id. 276.) And it is the proper practice to raise the question of the attorney's authority by motion, and not on the trial; because it is a question of practice, and not an issue in the action. (*People* v. *Lamb*, 85 Hun, 171, 173.)

Accordingly, the court finds as a fact on the evidence before it that there is substantial doubt of the authority of the attorney for the plaintiff to commence or to continue this action; and it should not be prosecuted further without satisfactory evidence of authorization. A consideration of the other branches of the motion, the one seeking amendment of the answer and the other a reference, may be properly deferred until the question of justification for the action itself shall be determined. If the action is to be continued these applications may be renewed.

An order may be submitted requiring the attorney for the plaintiff, within thirty days after the service of the order to be made hereon with notice of entry, to present to the court and to the attorneys for the defendant, evidence showing the act of the trustees of the dissolved corporation which constitute his retainer and authorization to bring this action, with ten dollars costs to the defendant, and staying all proceedings on the part of the plaintiff during the interim; and upon failure to submit adequate proof of these facts, and on a showing thereof, application may be made to the court to set aside the summons and the service thereof, and all other papers served by the attorney for the plaintiff.