In re RETAIL CHEMISTS CORPORATION.

IRVING TRUST CO. v. CLIMAX RUBBER CO. et al.

No. 445.

Circuit Court of Appeals, Second Circuit.

Aug. 1, 1933.

Root, Clark & Buckner, of New York City, and Cummings & Lockwood, of Stamford,

Conn. (William P. Palmer, of New York City, and Raymond E. Hackett, of Stamford, Conn., of counsel), for appellant.

Palmer, Barber, Matters & Merritt, of St. Louis, Mo. (Bernard J. Thole, of counsel), for appellee A. S. Albrecht.

Abraham D. Slavitt, of South Norwalk, Conn. (Sidney Vogel, of South Norwalk, Conn., of counsel), pro se, and for appellee Climax Rubber Co.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Retail Chemists Corporation, a New York corporation, filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of New York on July 27, 1932. On the same day the Irving Trust Company was appointed and qualified as receiver in bankruptcy and continued to act as receiver until August 12, 1932, when its election as trustee in bankruptcy was approved by the referee.

Until shortly before the bankruptcy proceedings, the bankrupt corporation had been known as the Whelan Drug Company and had owned and operated a chain of drug stores known as Whelan Drug Stores located in some thirteen states, including ten stores in Connecticut. About a month before the petition was filed, there had been organized a Delaware corporation called the Whelan Drug Company of Delaware, Inc., to which the bankrupt transferred all the stores that were to continue in operation, in consideration of which the Delaware company assumed all the debts of the bankrupt and issued to the bankrupt all its capital stock. Thereupon local Whelan companies were organized to operate the stores in their respective states, including a Whelan Drug Company, Inc., organized under the laws of Connecticut, to which the Delaware company transferred the ten stores operating in Connecticut, and which issued to the Delaware company all of its capital stock except shares to the value of $1,000 which the Delaware company had already acquired for cash. As a result of these transactions, the bankrupt owned all the stock in the Delaware company, which in turn owned all the stock of the Connecticut company, which owned the stores.

On August 30, 1932, on motion of the trustee in bankruptcy, an order was entered in the United States District Court for the Southern District of New York declaring that all of the above-mentioned transfers were null and void under sections 67e, 70a (5) and 70e of the Bankruptcy Act, 11 U. S. C. §§ 107 (e), 110 (a) (5), (e), 11 USCA §§ 107 (e), 110 (a) (5), (e), that the transfers of the property in Connecticut were void under the laws of that state, and declaring that title to all the assets of the Delaware company and the local companies should vest in the trustee in bankruptcy. It is conceded by the trustee on this appeal that the transfers of the Connecticut stores did not comply with the Connecticut Bulk Sales Law, Conn. Gen. St. 1930, § 4703.

On July 28, 1932, Abraham D. Slavitt presented in the United States District Court for the District of Connecticut a petition for the appointment of an ancillary receiver in bankruptcy of the Retail Chemists Corporation, alleging that he was the attorney for Climax Rubber Company, a creditor of the bankrupt, and that it was necessary for the preservation of the bankrupt's estate within the district that an ancillary receiver should be appointed. Upon this petition, the District Judge made an ex parte order that A. S. Albrecht, of Hartford, Connecticut, be appointed receiver within the district. On August 11, 1932, Irving Trust Company as receiver submitted a motion to vacate the appointment of the ancillary receiver, to which Slavitt filed exceptions. A verified petition by the Irving Trust Company as trustee and former receiver was then submitted, attached to which was an affidavit of Jacob Stein, reciting that he was the sole proprietor of the Climax Rubber Company, doing business in New York City, that he was a creditor of the bankrupt, and that he had not authorized any one to use his claim as the basis for a petition for the appointment of an ancillary receiver of the Retail Chemists Corporation in Connecticut. The District Judge granted a hearing upon this motion on August 22, 1932, which he denied in the order appealed from dated October 5, 1932. On October 10th, the trustee filed a petition for leave to appeal in the District Court, and subsequently a motion for an order allowing an appeal was granted by this court.

The trustee contests the validity of the action of the District Court in refusing to vacate its order appointing an ancillary receiver upon the ground that no facts were alleged or proved from which it could be found that the appointment of an ancillary receiver was necessary for the preservation of the estate, and upon the ground that the application for such appointment was not made by a party in interest, since Stein had denied that Slav-

itt had authority to use the Climax Rubber Company's claim as the basis for a petition. Briefs in support of the order have been filed by attorneys for A. S. Albrecht, the ancillary receiver, and by Slavitt both on his own behalf and for the Climax Rubber Company. There has also been filed in this court an affidavit of Jacob Stein, stating that he has not authorized the filing of a brief for the Climax Rubber Company on this appeal.

The first ground for reversal urged by the appellant we do not need to discuss at length. In Re Hayes (D. C.) 192 F. 1018, at page 1019, it was said that: "In granting an ancillary receivership the court ordinarily looks at nothing except the pendency of a proceeding in the parent district, the appointment there of a receiver, and the presence of assets in the district where the application is made."

The appellant nevertheless contends that the appointment of an ancillary receiver is subject to all the requirements which govern the appointment of a primary receiver pursuant to section 2 (3) of the Bankruptcy Act (11 U. S. C. § 11 (3), 11 USCA § 11 (3), which states that receivers may be appointed "in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified."

Some provisions of the Bankruptcy Act which in terms apply only to primary receivers have been construed to apply equally to ancillary receivers. Stanton v. Busch (C. C. A.) 59 F.(2d) 669; In re Concentrated Products Corporation (C. C. A.) 38 F.(2d) 745. General Order in Bankruptcy 51, promulgated by the Supreme Court May 15, 1933 (11 USCA § 53), requires that petitions for the appointment of ancillary receivers shall contain "a detailed statement of the facts showing the necessity for such appointment. * * *" But we need not here determine whether petitions for the appointment of ancillary receivers need set out such facts as were required in order to justify the appointment of primary receivers, or, if so, whether the petition in the present case meets the requirements, for we think the order must be reversed on the other ground relied upon by the trustee.

The only evidence that Slavitt had any authority to use the claim of Climax Rubber Company is contained in a letter dated July 28, 1932, to Slavitt, signed by Theresa Levy as secretary of the Manufacturers' and Wholesalers' Board of Trade, 286 Fifth avenue, New York City, in which it is stated that:

"This will confirm our telephone conversation regarding applying for ancillary proceedings in the matter of the Retail Chemists Corporation.

"We have many claims but as I told you over the telephone, I spoke to Mr. Morton Frederick's office and you can verify it if you find it necessary, by calling him who authorizes the use of the Climax Rubber Company claim in the amount of $1403.12.

"If you have any difficulty with that account you may use any one of those mentioned to you, because I can get specific authority on each one."

The appellees have not given any evidence that any creditor other than the Climax Rubber Company authorized the use of his claim as the basis for the petition in Connecticut, and it is difficult to see that such evidence would be of any importance, for Slavitt at no time purported to act for any other creditor. The letter itself is no evidence that either the Manufacturers' and Wholesalers' Board of Trade or Fredericks had authority to permit the use of the Climax claim in Connecticut, and no evidence to that effect is before us. On the contrary, Stein's affidavit categorically denies that he had given any one such authority, and states:

"That the only action taken by. Climax Rubber Company in the bankruptcy of said Retail Chemists Corporation has been the delivery by deponent to Morton Fredericks of the Credit Men's Board of Trade, 104 West 42nd Street, New York City, of a proof of claim by Climax Rubber Company, which proof of claim was to be filed by said Morton Fredericks and used solely for the election of a trustee in bankruptcy of said Retail Chemists Corporation on August 12, 1932."

Slavitt has made no answer to this affidavit, or given any evidence which casts doubt on the truth of the statements in it. He apparently took the word of a credit association which had no authority to allow him to use the claim. On the record before us, we think it clearly appears that Slavitt acted without authority, and represented no creditor of the bankrupt in filing the petition.

Section 2 (3) of the Bankruptcy Act (11 USCA § 11 (3), invests the courts of bankruptcy with jurisdiction to "appoint receivers * * * upon application of parties in interest." Here, because of Slavitt's lack of authority to represent the creditor, the receiv-

er was not appointed upon the application of a party in interest.

■ The Supreme Court has consistently treated a judgment based upon an unauthorized appearance for a defendant by an attorney as a nullity. Shelton v. Tiffin, 6 How. 163, at page 186, 12 L. Ed. 387; Hatfield v. King, 184 U. S. 162, 22 S. Ct. 477, 46 L. Ed. 481; cf. Hill v. Mendenhall, 21 Wall. 453, 22 L. Ed. 616. See, also, Mills v. Scott (C. C.) 43 F. 452; Lucas v. Vulcan Iron Works (D. C.) 233 F. 823. In Southern Pine Lumber Co. v. Ward, 208 U. S. 126, at page 143, 28 S. Ct. 239, 52 L. Ed. 420, the Supreme Court affirmed a decision of the Supreme Court of Oklahoma (16 Okl. 131, 85 P. 459) holding that a judgment recovered by a plaintiff whose attorney had no authority to institute the action was void. See, also, Pueblo of Santa Rosa v. Fall, 273 U. S. 315, 47 S. Ct. 361, 71 L. Ed. 658. A party to a suit may by timely motion dispute the authority of the opposing attorney to act for the party in whose name he is proceeding, and, if the authority is not shown, the court will dismiss the action for want of parties before it. Pueblo of Santa Rosa v. Fall, 273 U. S. 315, 47 S. Ct. 361, 71 L. Ed. 658; Sutherland v. International Ins. Co. of New York (C. C. A.) 43 F.(2d) 969; King of Spain v. Oliver, Fed. Cas. No. 7,814; Bonnifield v. Thorp (D. C.) 71 F. 924; Chesapeake & O. Ry. Co. v. Commonwealth, 189 Ky. 465, 225 S. W. 145; Cf. Gaston & Co. v. All Russian Zemsky Union, 221 App. Div. 732, 224 N. Y. S. 522; Orr & Co. v. Fireman's Fund Insurance Co., 141 Misc. 330, 253 N. Y. S. 2, reversed 235 App. Div. 1, 256 N. Y. S. 79; Institute of Educational Travel v. Binkerd, 90 Misc. 325, 153 N. Y. S. 427; Cockran v. Leister, 2 Root (Conn.) 348.

It is true that in some states the rule obtains that, where jurisdiction rests upon a voluntary appearance by the defendant, the court is not deprived of jurisdiction by showing that the appearance was entered by an attorney who acted without authority from the defendant. Denton v. Noyes, 6 Johns. 296, 5 Am. Dec. 237; Munnikuyson's Adm'x v. Dorsett's Adm'x, 2 Har. & G. (Md.) 374; Schirling v. Scites, 41 Miss. 644; Everett v. Warner Bank, 58 N. H. 340; Hemphill Lumber Co. v. Arcadia Timber Co. (Mo. App.) 52 S.W.(2d) 750. Apparently such is the rule in Connecticut. Butler v. Butler, 1 Root (Conn.) 275, decided in 1791. But even in those jurisdictions the rule has been held not to apply to cases where the person for whom the unauthorized appearance was entered was not a resident of the jurisdiction in which the proceedings were being had (Vilas v. P. & M. R. R., 123 N. Y. 440, 25 N. E. 941, 9 L. R. A. 844, 20 Am. St. Rep. 771; Fambrosis Society v. Royal Benefit Society, 166 App. Div. 593, 152 N. Y. S. 84; Boylan v. Whitney, 3 Ind. 140); and the rule so far as we can discover has never been held to prevent a party from contesting the right of an attorney to appear and act for the party in opposition. It would be a strange result if a defendant were precluded from showing that the party in whose name the action is brought had not authorized the institution of the proceedings.

■ But the practice in this case must be governed by the provisions of the Bankruptcy Act and the General Orders promulgated thereunder. In re Brashear (D. C.) 275 F. 481. At the time the petition now under consideration was filed, General Order 4 (11 US CA § 53) provided in part that:

"Proceedings in bankruptcy may be conducted by the bankrupt in person in his own behalf, or by a petitioning or opposing creditor. * * * Every party may appear and conduct the proceedings by attorney, who shall be an attorney or counsellor authorized to practice in the circuit or district court."

No pertinent changes were made by the amendment to this rule effective April 24, 1933 (11 USCA § 53). Section 1(9) of the Bankruptcy Act, 11 U. S. C. § 1(9), 11 US CA § 1(9), defines a "creditor" as "anyone who owns a demand or claim provable in bankruptcy, and * * * his duly authorized agent, attorney, or proxy."

In construing these provisions, it has been held that an attorney authorized to practice in the court where the bankruptcy proceedings are had is presumed to be duly authorized to appear for such creditor *until the contrary is shown.* In re Brashear (D. C.) 275 F. 481, at page 482; In re Gasser (C. C. A.) 104 F. 537, at page 538. In W. A. Gage & Co. v. Bell (D. C.) 124 F. 372, the court allowed the debtor to challenge the authority of the attorney for the petitioning creditor and granted a rule that the attorney should show his authority. We think that in the present case the procedure by motion supported by affidavit was equally proper, and that, since Slavitt did not combat the truth of Stein's affidavit, the motion to vacate should have been granted.

■ The appellees contend that the validity of the appointment of the ancillary receiver should have been tested by an appeal from the order of appointment, but we think that, at

least where the order of appointment is made ex parte, an appeal from an order denying a motion to vacate that order is appropriate. In re Snyder (C. C. A.) 4 F.(2d) 627. Cf. Northern Pacific Ry. Co. v. Pacific Coast Lumber Mfrs' Ass'n (C. C. A.) 165 F. 1.

It is also argued that the application to vacate the order appointing the receiver involved a moot question, because made after the trustee was appointed. But an order that was made without jurisdiction and was a mere nullity cannot afford a basis for any judicial action or properly remain as though it were an effective determination of the court. It is suggested that to vacate it will deprive the receiver and his attorney of compensation, but such a result, however unfortunate for them, seems unavoidable in the circumstances. Though there may have been presumptive jurisdiction when the order was made, the proof before us shows its invalidity ab initio, and it must fall. It should not stand on the files as a basis for awarding compensation or other judicial action.

The order denying the trustee's motion to vacate the order appointing A. S. Albrecht ancillary receiver is accordingly reversed, with direction to the District Court to vacate the order appointing the ancillary receiver and to dismiss the petition therefor for lack of jurisdiction.

Order reversed, but without costs.