James D. Hopkins, J.
May a Building Inspector of a town, without the authority or the support of the Town Board or the Town Attorney, defend a proceeding brought against him under article 78 of the Civil Practice Act by a private attorney engaged by him? This question has been raised by the present motion to strike out the answer made by the petitioners in this proceeding. The motion is so framed as ostensibly to be based on the lack of the respondent’s legal capacity to maintain his answer; however, since the motion obviously attacks the authority of respondent’s attorney, it will be considered as a motion to strike the answer and to vacate the appearance of respondent’s attorney on the ground that the attorney is without authority to appear.
The petitioners instituted this proceeding to compel the respondent to issue a building permit, which had been refused, on the given reason that the petitioners’ property did not front on a street or highway improved or to be improved as described under section 280-a of the Town Law. The respondent appeared and answered the petition, not by the Town Attorney but by a private attorney.
The problem before the court has two aspects: (1) A procedural question — may the authority of respondent’s attorney be attacked by the petitioners at this time? (2) A substantive question — may a Building Inspector engage a private attorney to represent him in a proceeding brought against him in his official capacity?
*797 I
The authority of an attorney appearing for a party is presumed (Hamilton v. Wright, 37 N. Y. 502), but the court may always require the attorney to exhibit his authority if it falls into question (Reynolds v. Maramorosch, 208 Misc. 626, 629; Thamos v. Thomas, 178 Misc. 349; Havana City Ry. Co. v. Ceballos, 25 Misc. 660; The 99 Plaintiffs v. Vanderbilt, 1 Abb. Prac. 193, 196). It has even been said that when his authority is attacked, the burden rests on the attorney to establish it (Gaston & Co. v. All Russian Zemsky Union, 221 App. Div. 732, 734).
It is proper practice to raise the question of an attorney’s authority by motion prior to the trial (Orr & Co. v. Fireman’s Fund Ins. Co., 141 Misc. 330). This practice has been followed in eases similar to the instant application by motions to set aside the attorney’s appearance (Ledwith v. Rosalsky, 244 N. Y. 406 [right of Corporation Counsel to appear for County Judge]; Donahue v. Keeshan, 91 App. Div. 602 [right of Corporation Counsel to appear for police officer]; Cogwill Land Co. v. Coughlan, 245 App. Div. 759 [right of attorney engaged by treasurer of corporation to appear for corporation]; Voron & Chait v. Benguiat, 162 N. Y. S. 974 [right of attorney to appear for corporation in dissolution]).
To be distinguished from this question is the question relating to the power of the court to declare an attorney disabled from appearing for a party because of prior representation of the opposing party to the litigation. In the latter question, it has been held that Special Term lacks jurisdiction to determine the issue since it essentially involves a disciplinary matter which is lodged exclusively in the power of the Appellate Division (Erie County Water Auth. v. Western N. Y. Water Co., 304 N. Y. 342, cert, denied 344 U. S. 892; Marco v. Sachs, 1 A D 2d 851; but see Matter of Huie, 2 A D 2d 163; Evvan Perfumes v. Hamilton, 22 Misc 2d 616). We are not dealing under the present motion with a question of conflict of interest arising out of a previous relationship of attorney and client; here the single question is whether the respondent was authorized to retain an attorney without the approval of the Town Board.
Accordingly, it is held that the petitioners may properly raise the question of the authority of respondent’s attorney by the present motion.
n
We reach, therefore, the substantive question.
The moving papers include an affidavit from the Supervisor of the town, who deposes that the Town Attorney had advised *798 the Town Board that the respondent was not justified in refusing to issue a building permit to the petitioner; that after the instant proceeding had been commenced by service on the respondent, the Town Attorney advised the respondent to issue the permit; that special counsel to the town had also advised the Town Board that the refusal of the respondent to issue the permit was “ indefensible ”; that the Supervisor had informed the respondent that the town would not support or be responsible for any action that the respondent undertook; and that the defense of the proceeding had been undertaken by the respondent without the authority of the Supervisor and the Town Board.
The status and powers of the respondent as Building Inspector are delineated in section 138 of the Town Law. He “ shall have charge of the enforcement of such codes, ordinances, rules and regulations of the town ’ ’. Although section 280-a of the Town Law does not refer to a Building Inspector as such, it mentions the issuance of building permits by “ the administrative officer having charge of the issue of permits ”. (Town Law, § 280-a, subd. 3.)
Section 65 of the Town Law states in part: “ 1. Any action or special proceeding for or against a town, or for its benefit, and upon a contract lawfully made with it, or with any of its officers or agents authorized to contract in its behalf, or to enforce any liability created, or duly enjoined upon it, or upon any of its officers or agents for which it is liable, or to recover damages for any injury to any property or rights for which it is liable, shall be in the name of the town. The town board of any town may authorize and direct any town officer or officers to institute, defend or appear, in any action or legal proceeding, in the name of the town, as in its judgment may be necessary, for the benefit or protection of the town, in any of its rights or -property. It shall be the duty of any officer or officers so authorized and directed to institute said action or legal proceeding or to defend or appear therein, and the reasonable and necessary expense of such action or proceeding, or defense or appearance shall he a town charge. No such officer or officers, however, shall employ legal counsel except as directed by the town board.” (Emphasis supplied.)
Section 280-a imposes obligations and duties on a town in the issuance of building permits, and it is clear that its text includes the duty which the petitioners seek to enforce in this proceeding. It is manifest, too, that it is intended by the provisions of subdivision 1 of section 65 to cast the whole burden of the prosecution and defense of actions and proceedings by or against a *799 town or its officers upon the judgment and direction of the Town Board. Hence, in this proceeding, which embraces a matter important to the town and the Town Board in the proper development and improvement of subdivisions, the judgment of the Town Board as to the defense of the proceeding must prevail over the judgment of the respondent.
As a general rule, the power to employ counsel by an officer or board is not incidental to the board or officer (Ann. 2 A. L. it. 1212; 17 McQuillin, Municipal Corporations, § 49.33, p. 234). Express authority, either by statute or by appropriate resolution of the governing body, must be shown to justify the retention of an attorney by a municipal officer (10 McQuillin, Municipal Corporations, § 29.16, p. 224; Matter of Kay v. Board of Higher Educ. of City of N. Y., 260 App. Div. 9, motion for leave to appeal denied 285 N. Y. 859; People ex rel. Sherrill v. Guggenheimer, 47 App. Div. 9). The effect of this rule has been applied where a divergence of views has arisen between the governing board and a dissenting officer or board concerning the course and direction of litigation involving the municipality (see, .e.g\, Matter of Collins v. Village of Saratoga Springs, 70 Hun 583, affd. on opinion below 140 N. Y. 637; Matter of Kay v. Board of Higher Educ. of City of N. Y., supra; People ex rel. Sherrill v. Guggenheimer, supra; Adee v. Arnow, 91 Hun 329; Portsmouth v. New Hampshire Nat. Bank, 76 N. H. 577; cf. Walters v. Dock Comrs., 126 Ore. 487). Thus, in Adee v. Arnow (supra) it was held that the Supervisor of a town, without the sanction of the Town Board, could not retain an attorney to defend an action to cancel a tax lease, and that the determination of whether actions should be prosecuted or defended lay exclusively within the power of the Town Board. In Matter of Collii'is v. Village of Saratoga Springs (supra) the court decided that only the Village Board of Trustees could employ an attorney to appear in a condemnation proceeding, and that a Board of Street Commissioners, though charged with the responsibility of opening streets which were the subject of the proceeding, could not engage counsel to countermand the actions of the counsel for the Village Board in the conduct of the proceeding.
Here, it is made plain that the respondent has disregarded the judgment of the Town Board in retaining private counsel to defend the instant proceeding. This is not a decision which may be made by him; the statute entrusts the decision to the Town Board. The respondent cannot set himself up as above and beyond the judgment of the governing body of the town. A contrary conclusion would thwart the policy of the town and leave the Town Board helpless to effectuate its decisions in *800 matters in litigation, where the town officer had been sued in his official capacity. Even though a Building Inspector is not designated as a town officer (Town Law, § 20), we think that he comes within the meaning and effect of section 65, so far as the right to employ counsel is concerned; and, of course, it need hardly be argued that as a mere employee (if not an officer) he would be under a greater disability to hire counsel.
In light of section 68 of the Town Law, which permits the settlement of any action or proceeding against the town with the approval of the court, and the determination of the Court of Appeals in Ledwith v. Rosalsky (244 N. Y. 406, supra) the motion of the petitioners is granted to the extent that the appearance of the attorney for the respondent is stricken out, and the Town Attorney shall be afforded 10 days after service of the order herein with notice of entry to appear for the respondent and thereafter to take such action as he may be advised by the Town Board. Submit order on notice to the Town Attorney and the attorney for the respondent.