OPINION OF THE COURT
Charles H. Cohen, J.
This case presents the problem, not often raised, as to whether a plaintiff may question the authority of an attorney to represent the defendants. Even more unusual, the problem is presented on a motion “for an Order pursuant to CPLR 320 (b) and 3211 (a) (8), dismissing the causes of action asserted against the defendants on the grounds that the summons were never served upon, and this Court has not jurisdiction of, the person of the defendants”. The specific question posed is whether Joseph J. Marcheso, who describes himself as “Attorney for Defendants,” may move to dismiss this action for lack of personal jurisdiction over defendants who have not authorized him to represent them.
It appears from one of the moving affidavits that plaintiff claims that on January 16, 1981, defendants were served with process “by delivery to a person of suitable age and discretion and by mailing, pursuant to CPLR 308 (2)” at an address purported to be “the defendants’ dwelling place or usual place of abode.” Harriet Golding Levy, the daughter of defendant Mildred Donahue, states in her moving affidavit that “For more than seven years prior to *602 January 16, 1981, on January 16, 1981, and subsequent to that date” she lived at the address where service purportedly took place and that “My mother and my mother’s husband, the defendants herein, did not live in said premises during said period of time nor did the defendants live at said premises on or after January 16, 1981.”
Pursuant to an order of this court, the motion was “granted to the extent of setting the matter down for a hearing on the traverse and for final disposition of the motion at Special Term Part 1 of this court”. At that hearing, plaintiff, which had the burden of proving that process was properly served (Stylianou v Tsourides, 73 AD2d 642; Empire Nat. Bank v Judal Constr. of N. Y., 61 AD2d 789; Queensboro Leasing v Resnick, 78 Misc 2d 919), could not do so. If there were nothing further, the court would have simply granted the motion.
However, plaintiff, in the papers submitted in opposition to the motion raised the question concerning the authority of Mr. Marcheso to represent defendants. It appears that neither Mr. Marcheso nor the daughter of Mrs. Donahue, Mrs. Levy, know where the defendants are. As stated in an affidavit submitted by Mr. Marcheso’s office, “we were not specifically retained by the defendants but were asked to protect the defendants’ rights by the daughter of one of the defendants.” On this basis, plaintiff takes the position that Mr. Marcheso lacks “standing” to appear on behalf of defendants.
As a general rule, “it is not the practice to require attorneys to produce their authority” to act in a case and “the courts do not require a respectable and responsible attorney to exhibit his authority to appear.” (Hamilton v Wright, 37 NY 502, 505.) Yet, that case also declared that “When, pending a litigation, the authority of the attorney to appear is denied, and application is made in due season, the court, if probable cause appears, would, in general, protect the party applying.” (Supra, p 505.) Based upon these observations, made long ago by the Court of Appeals, it appears that a party has the right to question the authority of the attorney appearing for an opposing party.
In Gaston & Co. v All Russian Zemsky Union (221 App Div 732, 734) the court declared, “The authority of the *603 defendant’s attorney to appear upon its behalf having been questioned, the burden is cast, and naturally so, upon the one asserting the authority, to prove the same, since he is in possession of the facts.” As explained in Hollins v St. Louis & Chicago Ry. Co. (57 Hun 139, 140) “This is no more than just to the party whose action he may contest, for he should not be subjected to either interference or expense by the intervention in the litigation of an attorney without power to represent the party in whose nominal behalf he assumes to act.” Accordingly, the plaintiff in this action may properly question the lack of authority of Mr. Marcheso to make the instant motion on behalf of the defendants. (Matter of Weinstock v Long, 29 Misc 2d 795; Reynolds v Maramorosch, 208 Misc 626.)
It is a matter of considerable importance that where an attorney’s authority has been questioned, proof of that authority be given. Otherwise, a party might later demonstrate that the attorney who purported to represent him had no authority to do so and the litigation which had ensued was a complete waste. (See Amusement Securities Corp. v Academy Pictures Distr. Corp., 251 App Div 227; Nordlinger v De Mier, 54 Hun 276; Matter of Ford, 98 Misc 100.) Ordinarily, if the authority of an attorney is questioned, it is a very simple matter for the party to confirm the fact that the attorney has the authority to represent that party. In this case, Mr. Marcheso has been unable to show that he has this authority despite the opportunity which he had to do so.
The court recognizes that it may be said that there is no need to require Mr. Marcheso to show that he is authorized to act in the situation presented here since defendants certainly cannot be harmed if the motion is granted. Further, it may be argued that plaintiff should not be permitted to proceed to judgment where it could not prevail on the merits of the traverse hearing since this may encourage the lawsuits to be instituted without the proper service of process. Yet, the traverse hearing was not properly brought before the court by defendants, and, had the court first considered the question of Mr. Marcheso’s authority to proceed, it would never have reached the question of the propriety of the service of process. The granting or denial of *604 this motion should not depend upon the order in which the court proceeded. Any harm resulting from the entry of a judgment which may have followed an improper service of process would be outweighed by the harm which may take place if volunteers were permitted to step in and retain attorneys to defend lawsuits in which they were not parties. And, of course, since defendants have not been properly before the court, it may very well be that at some future time they may authorize the making, on their behalf, of an appropriate motion upon which the court will then rule.
Accordingly, while plaintiff has not proven that defendants were properly served, the motion made on behalf of defendants, having been made without their authority, must be denied.